JOSEPH A. GUTIERREZ, ESQ.
Nevada Bar No. 9046
COLLIN M. JAYNE, ESQ.
Nevada Bar No. 13899
**MAIER GUTIERREZ AYON**
400 South Seventh Street, Suite 400
Las Vegas, Nevada 89101
Telephone: 702.629.7900
Facsimile: 702.629.7925
E-mail: jag@mgalaw.com
cmj@mgalaw.com

*Attorneys for Plaintiff Grecia Echevarria-Hernandez*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| GRECIA ECHEVARRIA-HERNANDEZ, individually,<br><br>Plaintiff,<br><br>vs.<br><br>AFFINITYLIFESTYLES.COM, INC. d/b/a REAL ALKALIZED WATER, a Nevada corporation; DOES I-X; and ROE BUSINESS ENTITIES I-X, inclusive,<br><br>Defendants. | Case No.:<br><br>**COMPLAINT** |

**COMPLAINT WITH JURY DEMAND**

Plaintiff GRECIA ECHEVARRIA-HERNANDEZ ("Plaintiff"), by and through her attorneys of record, the law firm MAIER GUTIERREZ AYON, hereby demands a trial by jury and complains and alleges against the above named Defendant, AFFINITYLIFESTYLES.COM, INC. d/b/a REAL ALKALIZED WATER, a Nevada corporation; DOES I-X; and ROE BUSINESS ENTITIES I-X, inclusive (collectively, "Defendant") as follows:

**JURISDICTION, VENUE AND LEGAL BASIS FOR THIS ACTION**

1. This Court possesses jurisdiction to entertain this matter pursuant to 28 U.S.C. § 1331 because Plaintiff's claims arise under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et. seq*.

1

2. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391 since "a substantial part of the events or omissions giving rise to the claim[s] occurred" in Nevada.

3. This Court has supplemental jurisdiction over Plaintiff's state law claims under 28 U.S.C. § 1367(a).

4. This civil action is brought by Plaintiff pursuant to federal common and statutory law.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

5. From about March 16, 2015 until about October 9, 2015, Defendant subjected Plaintiff to both discrimination based on religion and retaliation in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et. seq*.

6. Thereafter, on or about November 5, 2015, Plaintiff filed a complaint of discrimination with the Nevada Equal Rights Commission ("NERC"). On or about December 15, 2015, NERC filed Plaintiff's charge with the United States Equal Employment Opportunity Commission ("EEOC"). This timely filing with the EEOC fulfilled her obligation to initiate an administrative claim before seeking review in this Court.

7. In Plaintiff's EEOC filing, Plaintiff alleged facts demonstrating that Defendant knowingly subjected Plaintiff to discriminatory treatment and retaliation strictly based on religion.

8. On or about April 6, 2016, the EEOC issued Plaintiff a Notice of Right to Sue Letter under Title VII, stating that she would have within 90 days of receipt of that letter to file a lawsuit.

9. Accordingly, Plaintiff has met all administrative prerequisites to bring this lawsuit.

## PARTIES

10. Plaintiff GRECIA ECHEVARRIA-HERNANDEZ is, and at all times pertinent hereto was, a resident of Clark County, Nevada.

11. Upon information and belief, defendant AFFINITYLIFESTYLES.COM, INC. d/b/a REAL ALKALIZED WATER, is, and at all times pertinent hereto was, a Nevada corporation authorized to do business in Clark County, Nevada.

12. Defendant sells bottled drinking water using the "Real Water" brand.

13. The true names and capacities, whether individual, corporate, associate, partnership or otherwise, of the Defendants herein designated as DOES I through X and ROE CORPORATIONS I

2

1  through X, inclusive, are unknown to Plaintiff, who therefore sues said Defendants by such fictitious
2  names. Plaintiff will seek leave of the Court to insert the true names and capacities of such Defendants
3  when the same have been ascertained and will further seek leave to join said Defendant in these
4  proceedings.

## GENERAL ALLEGATIONS

6  14. Defendant hired Plaintiff as a "brand ambassador" in the company's Las Vegas office
7  on March 16, 2015.

8  15. On the day she was hired, Defendant forced Plaintiff to watch several videos with
9  religious undertones, including "The Secret," and several others based on the Scientology religion.

10 16. Plaintiff did not expect Defendant, a business seemingly unrelated to religion, to have
11 an established religious culture among its employees, much less to force new employees to watch
12 religious videos in exchange for pay raises.

13 17. Nonetheless, Plaintiff proceeded with her training and performed her work duties
14 admirably.

15 18. Soon after beginning her work with Defendant, Plaintiff's superior, Bonnie Mercado,
16 mentioned that the company offered raises for employees who participated in self-betterment courses,
17 which included books, videos, and paperwork.

18 19. For every course an employee viewed, they were entitled to a twenty-five-cent raise.

19 20. A week or two after beginning her work, Plaintiff attempted to sit through one course,
20 but quickly realized it was similar to the ones she was required to watch on her first day, in that they
21 revolved around Scientology themes and overtly promoted the religion.

22 21. Plaintiff came up with an excuse to leave without finishing this course, which made
23 her very uncomfortable, as she held different personal religious beliefs.

24 22. Plaintiff hoped that the courses were merely a quirk of Defendant's owner, but soon
25 realized that her superiors did not see the videos as optional.

26 23. Ms. Mercado mentioned the courses repeatedly over the next five months, but Plaintiff
27 politely declined to watch any more videos.

28 24. Plaintiff informed Ms. Mercado that she did not want to participate in the courses

3

1  because she is Catholic, not a Scientologist; Plaintiff told Ms. Mercado that she believes in God, was
2  baptized Catholic, and attends a Christian Church.

3  25. Consequently, Plaintiff was never eligible for any raises.

4  26. As time progressed, her co-workers began to interact differently with Plaintiff, and the
5  workplace environment became extremely unpleasant.

6  27. Plaintiff felt alienated by all of the other employees because they all held the same
7  religious beliefs, and clearly did not approve of her choice to not participate.

8  28. Plaintiff performed her work while attempting to ignore the hostile nature of her co-
9  workers and superiors.

10  29. In early October, Defendant decided that Plaintiff was not welcome in the company.

11  30. On October 8, 2015, without warning, Ms. Mercado composed three "Non-Optimum
12  Reports" purporting to evidence that Plaintiff had not been fulfilling her job duties.

13  31. None of Plaintiff's superiors had written her up for deficient performance before this
14  date.

15  32. The next day, Saturday October 9, 2015, Christy Pantelokis asked Plaintiff to bring the
16  company car in, under the pretense that it required maintenance.

17  33. When she arrived with the car, Defendant terminated Plaintiff's employment.

18  34. The termination was not based on deficient job performance as Defendant claims.

19  35. In reality, Defendant sought a reason to terminate an employee with differing religious
20  views.

## FIRST CLAIM FOR RELIEF

**Violation of Title VII of the Civil Rights Act; 42 U.S.C § 2000e *et. seq*.**

**(Unlawful Employment Practice)**

24  36. Plaintiff repeats and re-alleges the allegations of the preceding paragraphs of the
25  complaint as through fully set forth herein, and incorporates the same herein by reference.

26  37. Defendant breached its obligation to provide a workplace free from discrimination and
27  hostility based on religion.

28  38. Defendant breached this obligation by requiring employees to watch Scientology-

4

themed videos and attend Scientology-themed seminars, by disfavoring employees who refused to do so because they did not share the religious beliefs that Defendant promoted, and by failing to act after Plaintiff notified management of this discriminatory behavior.

39. Defendant discriminated against Plaintiff by subjecting her to, among other discriminatory acts, loss of compensation and termination, while other similar situated employees who did share Defendant's promoted religious beliefs and who did submit to Defendant's religiously-motivated demands, were not exposed to the same discriminatory conduct.

40. Defendant engaged in an unlawful employment practice when its supervisors repeatedly attempted to coerce Plaintiff into viewing religious programs (which had no relation to the company's work and which Defendant knew were inconsistent with Plaintiff's beliefs), and even leveraged them with pay raises.

41. Defendant conditioning pay raises on completing religious programs constitutes an unlawful employment action because it discriminates against employees who do not hold those religious beliefs.

42. Defendant's discrimination and retaliation based on religion deprived Plaintiff of employment opportunities and adversely affected her status as employee.

43. As a result of Defendant' actions, Plaintiff has suffered lost wages, mental anguish, emotional distress, inconvenience, and loss of enjoyment of life.

## SECOND CLAIM FOR RELIEF

**Violation of Title VII of the Civil Rights Act; 42 U.S.C § 2000e** *et. seq.*

**(Intentional Discrimination – Disparate Treatment)**

44. Plaintiff repeats and re-alleges the allegations of the preceding paragraphs of the complaint as through fully set forth herein, and incorporates the same herein by reference.

45. Defendant deprived Plaintiff of the enjoyment of all benefits, privileges, terms and conditions of the employment relationship by subjecting Plaintiff to unlawful disparate treatment based on religion at her place of employment.

46. Defendant discriminated against Plaintiff by subjecting her to, among other discriminatory acts, loss of compensation and termination, while other similarly-situated employees

who did share Defendant's promoted religious beliefs and who did submit to Defendant's religiously-motivated demands were not exposed to the same discriminatory conduct.

47. Defendant conditioning pay raises on completion of religious Scientology programs constitutes unlawful disparate treatment, as it discriminates against employees who do not hold those religious beliefs.

48. Defendant knew that Plaintiff did not share the religious beliefs it promoted and intentionally treated her differently for this reason.

49. Defendant's actions were taken with malice and/or with reckless indifference to Plaintiff's federally protected rights.

50. As a result of Defendant's actions, Plaintiff has suffered lost wages, mental anguish, emotional distress, inconvenience and loss of enjoyment of life.

51. Plaintiff is entitled to recover compensatory damage due to Defendant engaging in unlawful discrimination.

52. Plaintiff is entitled to recover punitive damages because Defendant acted with reckless indifference to federally protected rights of aggrieved Plaintiff when Defendant failed to rectify or even acknowledge the unlawful behavior.

53. It has been necessary for Plaintiff to retain the services of attorneys and she is entitled to reasonable costs and attorneys' fees.

## THIRD CLAIM FOR RELIEF

**Violation of Title VII of the Civil Rights Act; 42 U.S.C § 2000e *et. seq*.**

**(Intentional Discrimination – Hostile Work Environment)**

54. Plaintiff repeats and re-alleges the allegations of the preceding paragraphs of the complaint as through fully set forth herein, and incorporates the same herein by reference.

55. Defendant deprived Plaintiff of the enjoyment of all benefits, privileges, terms and conditions of the employment relationship by subjecting Plaintiff to a hostile work environment.

56. Defendant subjected Plaintiff to a hostile work environment by showing blatant disfavor toward her in comparison to other employees who shared the religious beliefs Defendant promoted and submitted to Defendant's demands to participate in Scientology-themed programs and

6

activities.

57. Defendant also subjected Plaintiff to a hostile work environment by allowing Plaintiff's coworkers to treat her unfavorably because of her choice not to participate in Scientology-themed activities.

58. Specifically, Plaintiff's co-workers interacted differently with Plaintiff because of her choice not to participate in Scientology-themed activities, and the workplace environment became extremely unpleasant.

59. Plaintiff felt alienated by all of the other employees because they all held the same religious beliefs, and clearly did not approve of Plaintiff's choice to not participate in Scientology-themed activities.

60. Defendant maintained a hostile work environment by failing to take remedial action after Plaintiff notified management of Defendant's unlawful behavior.

61. Defendant's actions were taken with malice and/or with reckless indifference to Plaintiff's federally protected rights.

62. As a result of Defendant's actions, Plaintiff has suffered lost wages, mental anguish, emotional distress, inconvenience and loss of enjoyment of life.

63. Plaintiff is entitled to recover compensatory damage due to the Defendant engaging in unlawful discrimination.

64. Plaintiff is entitled to recover punitive damages because Defendant acted with reckless indifference to federally protected rights of aggrieved Plaintiff when the Defendant failed to rectify or even acknowledge the unlawful behavior.

65. It has been necessary for Plaintiff to retain the services of attorneys and she is entitled to reasonable costs and attorneys' fees.

### FOURTH CLAIM FOR RELIEF

**Violation of Title VII of the Civil Rights Act; 42 U.S.C § 2000e *et. seq*.**

**(Retaliation)**

66. Plaintiff repeats and re-alleges the allegations of the preceding paragraphs of the complaint as through fully set forth herein, and incorporates the same herein by reference.

7

67. Defendant discriminated against Plaintiff by subjecting her to, among other discriminatory acts, loss of compensation and termination, while other similarly situated employees, who shared Defendant's promoted religious beliefs and submitted to Defendant's demands to participate in Scientology-themed programs and activities, were not exposed to the same discriminatory conduct.

68. Plaintiff engaged in a protected activity when she opposed Defendant's requirement that she participate in Scientology-themed activities, refusing to subject herself to religious propaganda; this is true even if the programs were not unlawful, so long as Plaintiff reasonably believed that they were, which she does.

69. Plaintiff had the right to refuse to participate in religious, Scientology-themed activities, as the programs were not related to her work, and violated her personal religious rights.

70. Defendant conditioning pay raises on completing religious Scientology programs was reasonably likely to deter reasonable workers from engaging in the protected activity of choosing to not participate.

71. Defendant allowing coworkers to alienate employees who did not participate in Scientology-themed activities was also reasonably likely to deter reasonable workers from engaging in the protected activity of choosing to not participate.

72. Defendant took an adverse employment action against Plaintiff by terminating her.

73. Defendant deliberately targeted Plaintiff for termination because of her refusal to submit to Defendant's demands that she participate in religious, Scientology-themed activity.

74. Defendant sought a reason to terminate Plaintiff because she had differing religious views.

75. Ms. Mercado composing three "Non-Optimum Reports" in one day (purporting to evidence that Plaintiff had not been fulfilling her job duties) was clearly pretext for her termination, as none of Plaintiff's superiors had written her up for deficient performance before this date.

76. As a result of Defendant' actions, Plaintiff has suffered lost wages, mental anguish, emotional distress, inconvenience, and loss of enjoyment of life.

///

## FIFTH CLAIM FOR RELIEF

### Nevada State Law Violation

### (Violation of NRS 613.330 – Religious Discrimination)

77. Plaintiff repeats and re-alleges the allegations of the preceding paragraphs of the complaint as though fully set forth herein, and incorporates the same herein by reference.

78. Defendant discriminated against Plaintiff by subjecting her to, among other discriminatory acts, loss of compensation and termination, while other similarly situated employees, who shared Defendant's promoted religious beliefs and submitted to Defendant's demands that they participate in Scientology-themed programs and activities, were not exposed to the same discriminatory conduct.

79. As a result of Defendant's actions, Plaintiff has suffered lost wages, mental anguish, emotional distress, inconvenience and loss of enjoyment of life.

80. Defendant's discrimination deprived Plaintiff of employment opportunities and adversely affected her status as an employee.

## SIXTH CLAIM FOR RELIEF

### Nevada State Law Violation

### (Tortious Discharge)

81. Defendant tortiously discharged Plaintiff by terminating her for reasons which violate public policy.

82. Specifically, Defendant terminated Plaintiff because she did not share the religious beliefs that Defendant promoted and because she refused to submit to Defendant's demands that she participate in religious, Scientology-themed programs and activities.

83. Defendant terminated Plaintiff for reasons severely adverse to strong and compelling public policy and the common good.

84. Despite Plaintiff's frequent objections to Defendant's conduct, Defendant never sought to cure these violations.

## DEMAND FOR JURY TRIAL

85. Pursuant to the Seventh Amendment of the United States Constitution, Plaintiff

invokes her right to trial by jury in this civil action.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment against Defendant, and each of them, as follows:

1. For a judgment in favor of Plaintiff against Defendant, and each of them, on the complaint and all claims for relief asserted therein;

2. For an award of economic damages in an amount sufficient to make Plaintiff whole for past and future lost income and benefits and other economic losses suffered by Plaintiff resulting from Defendant' conduct;

3. For an award of compensatory damages from mental anguish, emotional distress, pain and suffering, humiliation, harm to reputation and other losses incurred by Plaintiff as a result of Defendant's conduct;

4. For an award of prejudgment and post-judgment interest;

5. For an award of punitive damages;

6. For an award of Plaintiff's cost of suit incurred herein; and

7. For an award of attorney's fees and related expenses pursuant to § 706(k) of Title VII, 42 U.S.C. § 2000e-5(k).

8. For an award of such other relief the Court may deem just and proper.

DATED this 26th day of April, 2016.

    Respectfully submitted,

**MAIER GUTIERREZ AYON**

_/s/ Joseph A. Gutierrez_____
JOSEPH A. GUTIERREZ, ESQ.
Nevada Bar No. 9046
COLLIN M. JAYNE, ESQ.
NEVADA BAR NO. 13899
400 South Seventh Street, Suite 400
Las Vegas, Nevada 89101
*Attorneys for Plaintiff Grecia Echevarria-Hernandez*

10