| | |
|---|---|
| 1 | JOSEPH A. GUTIERREZ, ESQ. |
| | Nevada Bar No. 9046 |
| 2 | DANIELLE J. BARRAZA, ESQ. |
| | Nevada Bar No. 13822 |
| 3 | **MAIER GUTIERREZ AYON** |
| | 8816 Spanish Ridge Avenue |
| 4 | Las Vegas, Nevada 89148 |
| | Telephone:  702.629.7900 |
| 5 | Facsimile:  702.629.7925 |
| | E-mail:     jag@mgalaw.com |
| 6 |             djb@mgalaw.com |

*Attorneys for Plaintiff Grecia Echevarria-Hernandez*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| GRECIA ECHEVARRIA-HERNANDEZ, individually, | Case No.: 2:16-cv-00943-GMN-VCF |
| Plaintiff, | **OPPOSITION TO DEFENDANT'S EMERGENCY MOTION FOR PROTECTIVE ORDER** |
| vs. | |
| AFFINITYLIFESTYLES.COM, INC. d/b/a REAL ALKALIZED WATER, a Nevada corporation; DOES I-X; and ROE BUSINESS ENTITIES I-X, inclusive, | Hearing Date: November 4, 2016 Hearing Time: 11:00 a.m. |
| Defendants. | |

Plaintiff GRECIA ECHEVARRIA-HERNANDEZ ("Plaintiff"), by and through her attorneys of record, the law firm MAIER GUTIERREZ AYON, hereby files this Opposition ("Opposition") to Defendant AFFINITYLIFESTYLES.COM, INC. d/b/a REAL ALKALIZED WATER's ("Defendant" or "Real Water") Motion for Protective Order (the "Motion").  This Opposition is made and based upon the following memorandum of points and authorities, the pleadings and papers on file

/ / /

/ / /

/ / /

/ / /



1

herein, and any oral argument at the time of the hearing.

DATED this 25th day of October, 2016.

                                          Respectfully submitted,

                                          **MAIER GUTIERREZ AYON**

                                          */s/ Danielle J. Barraza*_____
JOSEPH A. GUTIERREZ, ESQ.
Nevada Bar No. 9046
LUIS A. AYON, ESQ.
Nevada Bar No. 9752
8816 Spanish Ridge Avenue
Las Vegas, Nevada 89148
*Attorneys for Plaintiff Grecia Echevarria-Hernandez*



2

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.     INTRODUCTION

This case involves defendant company Real Water, through its managers including its founder and president Brent Jones, repeatedly pressuring Plaintiff into participating in Scientology-themed programs at work.  Despite originally (albeit slowly) cooperating with Plaintiff and providing available deposition dates for Brent Jones earlier in the discovery period, Defendant has suddenly decided that "Brent Jones has no unique, relevant factual knowledge of Plaintiff's claims."  Mot. at p. 5.  Such an argument is meritless for numerous reasons.

First, Brent Jones inserted himself into this case by assisting Real Water in responding to written discovery requests, which alone gives Plaintiff a basis to depose Mr. Jones as it relates to his input on the specific discovery requests.  Second, Brent Jones has voluntarily spoken to the media about this case (which other Real Water witnesses have confirmed through deposition testimony), so there is no reason for Real Water to now pretend that Mr. Jones is completely removed or in any way limited from testifying as to his knowledge of the relevant facts at issue.  Third, witnesses who have already been deposed, including Aimee Jones and the FRCP 30(b)(6) designee for Real Water, have testified that Brent Jones would be the best person to testify about certain issues that are pertinent to Plaintiff's claims.

Finally, Defendant's argument that this is a case involving the "apex doctrine" is misguided, as Real Water is a small company with under 50 employees and a limited chain of command that reports to Brent Jones, who will be able to give valuable and non-repetitive testimony as to not only the origins of Real Water implementing certain World Institute of Scientology Enterprises courses into the workplace, but the paperwork that accompanies the courses, in addition to other testimony going to his knowledge of this specific case.

Therefore, as presented in more detail below, Brent Jones is a proper witness who Plaintiff has the right to depose under FRCP 30.

### II.     RELEVANT DISCOVERY HISTORY

Plaintiff filed her complaint against her former employer Real Water on April 26, 2016, alleging that Real Water terminated her because she refused to subject herself to unwelcome religious



3

1  propaganda which Real Water imposed on her not only during orientation on her first day of work,
2  but through an "optional" course program which employees had to complete in order to receive pay
3  raises. ECF No. 1.

### A. BRENT JONES PARTICIPATES IN REAL WATER'S WRITTEN DISCOVERY RESPONSES

The discovery scheduling order was filed on July 8, 2016, and provided a discovery deadline of November 21, 2016. ECF No. 18. On July 5, 2016, Plaintiff served her initial disclosures, naming Brent Jones and Bonnie Mercado (among others) as witnesses and listing them in "care of" Defendant's counsel. *See* Plaintiff's Initial Disclosures (excluding exhibits), attached as **Exhibit 1**.

On July 6, 2016, Plaintiff sent her (1) first set of interrogatories, (2) first set of requests for admission, and (3) first set of requests for production of documents to Defendant. *See* Plaintiff's first set of interrogatories, attached as **Exhibit 2;** *see also* Plaintiff's first set of requests for admission, attached as **Exhibit 3;** *see also* Plaintiff's first set of requests for production of documents, attached as **Exhibit 4.**

On August 15, 2016, Defendant propounded its verified responses to Plaintiff's first set of interrogatories and first set of requests for admission. *See* Defendant's Responses to Plaintiff's First Set of Interrogatories, attached as **Exhibit 5**; see also Defendant's Responses to Plaintiff's First Set of Requests for Admission, attached has **Exhibit 6**. Thereafter, Defendant propounded its responses to Plaintiff's First Set of Requests for Production of Documents on August 17, 2016. *See* Defendant's Responses to Plaintiff's First Set of Requests for Production of Documents, attached has **Exhibit 7**.

In response to Plaintiff's Interrogatory No. 1, which asks Defendant to "[i]dentify each person who answers or assists in answering these Interrogatories (including persons who supply information for your answers)" Defendant's indicated the following: "Frank Consiglio, Vince President of Operations for Defendant, Aimee Jones, Vice President of Sales and Distribution for Defendant, ***and Brent Jones, President and CEO of Defendant***." *See* Exh. 5 at Req. 1 (Objections omitted) (emphasis added).

### B. REAL WATER PROVIDES AVAILABLE DATES FOR BRENT JONES' DEPOSITION

On August 26, 2016, Plaintiff's counsel sent Defendant's counsel an email requesting the deposition availability for the following witnesses: Brent Jones, Aimee Jones, and Frank Consiglio,



4

all Real Water employees at management level. *See* Email Correspondence Dated August 26, 2016, attached as **Exhibit 8**. Defendant's counsel responded later that day confirming that Real Water would be producing all of those witnesses, ***including Brent Jones***, stating the following: "Please note that all of the individuals you have identified have an ownership and/or management role in the company and, thus, <u>will be produced and represented by our firm at the depositions</u>." *See id.* (Emphasis added). At no time did Defendant's counsel indicate that Real Water had any initial objections with producing Brent Jones for a deposition.

On August 31, 2016, Defendant's counsel sent Plaintiff's counsel another email confirming that "I am still working on dates for all of the depositions and anticipate I will have them by the end of the week. Thanks." *See* Email Correspondence Dated August 31, 2016, attached as **Exhibit 9**.

On September 6, 2016, after not receiving any update from opposing counsel regarding the deposition availability for the above-named witnesses, Plaintiff's counsel sent Defendant's counsel a reminder that Plaintiff would like to get the depositions scheduled as soon as possible. *See* Email Correspondence Dated September 6, 2016, attached as **Exhibit 10**.

After another week went by without any word from Defendant's counsel, Plaintiff's counsel was forced to send Defendant's counsel a letter pursuant to Local Rule 26-7 on September 12, 2016 indicating that these were supposed to be initial depositions which Plaintiff anticipated would lead to the identification of additional witnesses and the need for additional written discovery. *See* LR 26-7 Letter, attached as **Exhibit 11**.

Finally, on September 14, 2016 (over two weeks after Plaintiff initially requested dates), Defendant's counsel provided one date of availability each for Real Water's Rule 30(b)(6) designee, Aimee Jones, Frank Consiglio, <u>and Brent Jones</u>, indicating that Brent Jones would be available October 4, 2016. *See* Email Correspondence Dated September 14-15, 2016, attached as **Exhibit 12**.

Later that day, Plaintiff's counsel confirmed that the deposition dates would work for Brent Jones, Aimee Jones, and Frank Consiglio, but that the deposition date for the 30(b)(6) designee would have to be rescheduled. *See id.* Defendant's counsel responded with the following statement: "Please move Rule 30(b)(6) deponent to October 4th ***and we will find a new date for Brent***. Thanks." *Id.* (emphasis added).



5

On September 15, 2016, Plaintiff's counsel agreed to Defendant's request and asked Defendant's counsel to provide three alternative dates for Brent Jones' deposition. *Id.*

On September 20, 2016, Plaintiff's counsel sent Defendant's counsel a proposed draft of the Joint Interim Status Report and also reminded Defendant's counsel that "[W]e are still requesting that you provide us with 3 alternative dates for Brent Jones' deposition, pursuant to our previous discussions on this matter." *See* Email Correspondence Dated September 20, 2016, attached as **Exhibit 13**.

After again not receiving any kind of response from Defendant's counsel on this matter, Plaintiff was forced to unilaterally set Brent Jones' deposition in order to ensure there would still be enough time to conduct any additional discovery that the deposition would lead to. Thus, on September 29, 2016, Plaintiff sent out a notice of taking Brent Jones' deposition, set for October 18, 2016. *See* Notice of Taking Videotaped Deposition of Brent Jones, attached as **Exhibit 14**.

On Tuesday October 4, 2016, Defendant's counsel sent Plaintiff's counsel an email stating: "***If Mr. Jones is available this Friday, would you be agreeable to moving Mr. Jones deposition to this Friday in place of Aimee Jones' and reschedule Ms. Jones?*** Please advise."  *See* Email Correspondence Dated October 4, 2016, attached as **Exhibit 15**.  Having already prepared to take Aimee Jones' deposition, Plaintiff's counsel responded "We want to keep the deposition schedule as noticed.  Do you have other available dates for Brent Jones?" *Id.*

**C. REAL WATER REVERSES ITS POSITION ON BRENT JONES' DEPOSITION**

After not receiving any kind of response from Defendant's counsel regarding the notice of Brent Jones' deposition, the deposition of Aimee Jones went forward as scheduled on October 4, 2016, and on October 14, 2016, Plaintiff's counsel sent Defendant's counsel an email asking if the deposition of Brent Jones noticed for October 18, 2016 would be going forward. *See* Email Correspondence Dated October 14, 2016, attached as **Exhibit 16**.

Instead of substantively responding to Plaintiff's counsel's email, Defendant's counsel Kristol Ginapp, Esq. indicated that her associate Cayla Witty, Esq. had allegedly called Plaintiff's counsel "three times in the past 24 hours about this very topic," and asked Plaintiff's counsel Danielle Barraza, Esq. to return that phone call. *Id.*  Ms. Barraza responded that there may have been a technical



6

1   problem, as this was the first she was learning of any calls, but promptly called Ms. Witty that same
2   day on October 14, 2016. *Id.*

3   During Ms. Barraza's phone call with Ms. Witty on October 14, 2016, Ms. Witty indicated
4   that because Brent Jones was an Assemblyman, he was not currently in town and they were unsure as
5   to when he would be back in town in order to be available for a deposition. Ms. Barraza responded
6   that she was aware the Legislature had ended is session earlier that very morning, and inquired as to
7   whether that would affect October 18, 2016 possibly working for Brent Jones' deposition. Ms. Witty
8   responded that she would find out from her client, and also indicated that Plaintiff might want to
9   consider going forward with only Bonnie Mercado's deposition[1] instead of Brent Jones deposition,
10  because if Plaintiff attempted to seek five depositions of Real Water employees, Defendant would be
11  forced to file a motion for protective order "based on the costs" Real Water was incurring in this
12  litigation, as Real Water felt it should not have to conduct such extensive discovery while waiting for
13  the Court to rule on its motion to compel arbitration [ECF No. 9]. *See* Email Correspondence Dated
14  October 17, 2016, attached as **Exhibit 17**; *see also*, Declaration of Danielle Barraza, Esq. attached as
15  **Exhibit 18**. Ms. Barraza indicated she would discuss that with her co-counsel Joseph Gutierrez, Esq.
16  and asked that in the meantime, Ms. Witty find out whether October 18, 2016 would work for Brent
17  Jones' deposition, and if it would not work the deposition would be vacated. *See* Exh 18.

18  On October 17, 2016, Defendant's counsel Ms. Witty sent Plaintiff's counsel Ms. Barraza an
19  email affirming that Real Water was still working on finding available dates for Mr. Jones and that
20  "[i]f Plaintiff seeks a fifth deposition, Defendants will file a motion for protective order." *See* Exh.
21  17. Ms. Barraza responded a half hour later, stating that it was inappropriate and unreasonable for
22  Real Water to demand discovery limitations just because it was waiting on the Court to decide its
23  motion to compel arbitration, and indicating that there was no legal basis to arbitrarily limit the Real
24  Water depositions to four individuals. *Id.*

25  Perhaps realizing that its initial strategy of arbitrarily limiting Plaintiff to four Real Water
26  depositions was futile, Defendant has filed the instant Motion which changes course and suddenly

27
28  [1] Plaintiff had previously noticed Bonnie Mercado's deposition to take place on October 27, 2016.

7

1  claims the deposition of Brent Jones "lacks any necessity," as it is "duplicative and repetitive in light
2  of the agreed-upon depositions of other company officials, and Brent Jones has no unique, relevant
3  factual knowledge of Plaintiff's claims."  Mot. at p. 5.
4      Defendant's Motion is disingenuous at best and misleading at worst, as Brent Jones has clearly
5  inserted himself into this case, and up until a few weeks ago his counsel was completely willing to
6  produce him for a deposition.
7  **III.    LEGAL STANDARD**
8      Under FRCP 26 "Parties may obtain discovery regarding ***any nonprivileged matter*** that is
9  ***relevant*** to any party's claim or defense and proportional to the needs of the case."  Rule 26(b)(1).
10 FRCP 30 authorizes parties to conduct depositions without leave of the court, provided that the
11 deposition would not result in more than 10 depositions being taken.  Rule 30(a).
12     The Court has broad discretion in controlling discovery.  *Aevoe Corp. v. AE Tech Co.*, No.
13 2:12-CV-00053-GMN, 2013 WL 4701192, at *3 (D. Nev. Aug. 30, 2013) (citing *Little v. City of*
14 *Seattle,* 863 F.2d 681, 685 (9th Cir.1988)).
15     Rules 26 to 37, the discovery-deposition provisions of the Federal Rules, were intended to
16 insure "proper litigation", by making the "trial less a game of blindman's buff and more a fair contest
17 with the basic issues and facts disclosed to the fullest practicable extent."  *Scott & Fetzer Co. v. Dile*,
18 643 F.2d 670, 674 (9th Cir. 1981) (citing *Hickman v. Taylor*, 329 U.S. 495, 507, 67 S.Ct. 385, 392,
19 91 L.Ed. 451 (1947); and *United States v. Procter & Gamble Co.*, 356 U.S. 677, 682, 78 S.Ct. 983,
20 986, 2 L.Ed. 1077 (1958)).  FRCP 26(c) permits the Court to issue a protective order when the party
21 seeking the order establishes "good cause" for the order and "justice requires [a protective order] to
22 protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense
23 ..."  FRCP 26(c).
24     The burden of persuasion under FRCP 26(c) is on the party seeking the protective order.
25 *Cipollone v. Liggett Group, Inc.*, 785 F.2d 1108, 1121 (3d Cir. 1986).  In order to meet that burden of
26 persuasion, the party seeking the protective order must show good cause by demonstrating a particular
27 need for the protection sought.  *Id.*  FRCP 26(c) requires more than "broad allegations of harm,
28 unsubstantiated by specific examples or articulated reasoning."  *Id.*  The party seeking the order must



1  point to specific facts that support the request, "as opposed to conclusory or speculative statements
2  about the need for a protective order and the harm which will be suffered without one."
3      Here, a protective order precluding Brent Jones from testifying in this matter would be wholly
4  inappropriate, as Brent Jones has on separate occasions participated in this litigation, and Real Water's
5  other witnesses who have been deposed have identified him as the best person to answer certain
6  discovery questions.

## IV. LEGAL ARGUMENT

### A. BRENT JONES HAS KNOWLEDGE OF THE SUBJECT MATTER OF THE ACTION

Defendant's Motion insists that because Brent Jones was not specifically singled-out in Plaintiff's Complaint, and because he was allegedly not "involved in Plaintiff's termination," Mr. Jones has no first-hand non-repetitive knowledge of the facts at issue in this case. Mot. at p. 7. Plaintiff disputes this assertion, as Real Water's own documents have indicated otherwise.

#### 1. Brent Jones Was Admittedly Involved in Answering Plaintiff's Interrogatories

First, the Defendant's Responses to Plaintiff's First Set of Interrogatories (which Real Water champions in its Motion as evidence that further discovery is unnecessary because Aimee Jones verified those interrogatories) specifically indicate that Brent Jones participated in answering or assisting Aimee Jones in answering the requests in some form. *See* Exh. 5 at Req. 1. As such, Plaintiff is entitled to question Brent Jones regarding his involvement in responding to the written discovery requests.

Brent Jones' testimony would be particularly useful, as conflicting deposition testimony has been presented by Real Water employee and verifier of Real Water's written discovery responses Aimee Jones and Real Water's 30(b)(6) designee as it relates to whether Real Water required its employees to watch certain orientation videos Plaintiff has claimed have Scientology undertones, including but not limited to The Secret and The Way to Happiness, which is an issue addressed in Real Water's responses to Plaintiff's First Set of Interrogatories.

In response to Plaintiff's Interrogatory No. 5, which asked Real Water to identify every course that it required its new employees to view, read, listen to, participate in, or otherwise experience, Real Water provided the following list:

9

- Real Water Culture;
- Message to Garcia;
- The Secret;
- The Way to Happiness: A Common Sense Guide to Better Living.

*See* Exh. 5 at Req. 5. Real Water's responses to Plaintiff's First Set of Requests for Admission also indicated that "employees are not allowed to decline to watch the four videos which are part of employee orientation." *See* Exh. 6 at Req. 9.

During the deposition of Aimee Jones, who verified Real Water's responses to the Interrogatories, Ms. Jones reiterated that those four videos shown during orientation were all required.

Q: Okay. So let's talk about the videos that employees are required to watch once they are hired at Real Water.

A: Sure.

Q: Can you give me a list of the required videos?

A: Yeah. The Secret is one, Message to Garcia, The Way to Happiness. And those are the three.

Q: And I think there was also a Real Water video, was there not?

A: The culture video, yes. That's what it was. It's called the culture video. Yeah. Yeah.

*See* Deposition Transcript of Aimee Jones, attached as **Exhibit 19**.

However, during Real Water's FRCP 30(b)(6) deposition taken on October 20, 2016, the designee, Blain Jones, spoke on behalf of Real Water and claimed that those orientation videos were in fact <u>not</u> mandatory. *See* Exh. 18.[2] This contradicting information is extremely pertinent to Plaintiff's Complaint, as she has alleged that the videos were not only mandatory, but that they contained religious undertones. Compl. [ECF No. 1] at p. 3.

Plaintiff believes that Real Water's founder and President Brent Jones, who admittedly

---

[2] Plaintiff has not yet received the transcript from the deposition of Real Water's 30(b)(6) designee, but will request leave to supplement this Opposition with that transcript once it is received, as the deposition fully details not only Real Water's conflicting statements which Brent Jones, as the President of the company can clarify, but it also shows the FRCP 30(b)(6) designee indicating that Brent Jones would be the appropriate person to answer certain questions.



10

1 participated in assisting Aimee Jones with responding to Plaintiff's written discovery requests, will
2 be able to clarify Real Water's position and explain why the responses verified by Aimee Jones
3 contradict the testimony of Real Water's FRCP 30(b)(6) designee on this issue.  Notwithstanding any
4 particular contradictions in previous testimony, Plaintiff is entitled to ascertain exactly how involved
5 Brent Jones was in responding to Plaintiff's written discovery requests, and exactly what information
6 Mr. Jones provided (or looked up or consulted in order to provide) Aimee Jones in order for her to
7 complete and verify Real Water's responses to the written discovery requests.

### 2. **Brent Jones Has Spoken to the Media About This Case**

Adding to the perplexity of Defendant's Motion is the fact that Brent Jones has voluntarily spoken to the media about the details of Plaintiff's lawsuit, including his opinion on whether Plaintiff's case is meritorious.  Plaintiff has disclosed a radio podcast interview that Brent Jones attended, in which Mr. Jones admits to meeting the Plaintiff, and he addresses why he believes Plaintiff's claims are meritless.  *See* Plaintiff's Second Supplement to Initial Disclosures, attached as **Exhibit 20**.[3]  Brent Jones even weighs in on the orientation videos that are part of this lawsuit and which Real Water has contradicted itself on, boasting that "We absolutely have people watch these videos." *Id.*

Further, Aimee Jones has testified that Brent Jones gave an interview with Channel 13, where he opined on whether or not Real Water acted in a discriminatory fashion as it relates to Plaintiff.

> Q: Okay.  Do you have any knowledge of whether or not anybody from Real Water spoke to the media after [Plaintiff] filed her lawsuit?
>
> A: After she filed, yeah.  ***Well, Brent did, yeah***.
>
> Q: Do you know who Brent spoke to?  We're talking about Brent Jones, correct?
>
> A: Correct.  I think it – I think it was Channel 13, I'm not sure, or Channel 8.  I can't remember which one.
>
> Q: Do you know what he said?
>
> A: Yeah.  It was just basically that we had an employee that was filing a suit, and they were asking him if – I don't know – we were discriminatory at our office or what have you, and

---

[3] The podcast can be located and played at http://kdwn.com/2016/05/05/nevada-assembly-owner-of-real-water-brent-jones-responds-to-accusations-of-religious-discrimination-at-real-water/ and Plaintiff can provide a copy of the podcast to the Court.



11

absolutely not.

*See* Exh. 19 at p. 90.  Plaintiff is also in the process of disclosing an article from Brent Jones' local Channel 13 Interview and is still conducting discovery on any additional interviews or statements Brent Jones has given to the media about this case.  *See* KTNV Article, attached hereto as **Exhibit 21**.

Brent Jones has voluntarily designated himself as someone with enough knowledge to answer questions regarding Plaintiff's lawsuit, as evidenced by his willingness to discuss the merits of Plaintiff's claims and the factual allegations therein in the media.  Accordingly, any argument that Brent Jones is an uninvolved individual who has "no unique, first-hand, non-repetitive knowledge of the facts at issue in the case," fails.  At a bare minimum, Plaintiff has a right to question Brent Jones about the basis of the statements that he made to the media and about any other statements that Mr. Jones made to the media that Plaintiff has not yet discovered.

### 3. Other Real Water Deponents Have Identified Brent Jones as a Relevant Witness

Finally, Real Water's own witnesses have identified him as someone who can answer certain relevant questions as it relates to Plaintiff's lawsuit.

For example, Aimee Jones has testified that Brent Jones would be a person to ask about any out of state Real Water employees.  Exh. 19 at p. 88.  Further, and as will be supplemented once the deposition transcript arrives, the Rule 30(b)(6) designee for Real Water testified that the decision to implement L. Ron Hubbard's teachings into Real Water's business philosophy was made by Brent Jones and his wife at the time back when Real Water first originated.  Exh. 18.  Thus, Plaintiff should be able to question Brent Jones as to how and why Real Water decided to implement teachings from the founder of Scientology into its workplace.

Additionally, when asked about how Real Water formed the opinion that L. Ron Hubbard's management technology teachings are completely separate from his Scientology teachings, the Rule 30(b)(6) designee noted that Real Water's opinion on that issue was formed in the beginning stages of the company, and that Brent Jones would be better able to testify about that.  *Id.*  Again, this is a central issue of this litigation and Plaintiff has a right to exhaust Brent Jones' testimony as to exactly why Real Water believes it has a basis to assert that all of the L. Ron Hubbard teachings Real Water implements in the workplace are completely secular and separate from Scientology.



### B. REAL WATER HAS NOT DEMONSTRATED GOOD CAUSE FOR A PROTECTIVE ORDER TO ISSUE

Real Water is attempting to take advantage of Brent Jones' status as a Nevada State Assemblyman and a "busy individual with high-level responsibilities in the community" in order to prevent Plaintiff from conducting relevant and permissible discovery. Mot. at p. 8. Plaintiff agrees with Defendant that "[i]t only makes sense to get the most facts available from an actual fact witness," but as demonstrated above, Brent Jones has indisputably inserted himself in this case by participating in the written discovery process and has even spoken to the media about the merits of Plaintiff's claims. The facts surrounding these actions need to be investigated, and Plaintiff should have the ability to depose Brent Jones on these and other relevant issues Brent Jones may have knowledge of.

#### 1. The Apex Doctrine Does Not Apply in this Case

Defendants' Motion cites to the judicially-created Apex Doctrine, which "seeks to limit the potential for the discovery rules to serve as a tool for harassment of high-level company executives." *Apple Inc. v. Samsung Elecs. Co., Ltd*, 282 F.R.D. 259, 263 (N.D. Cal. 2012).

In determining whether to allow an apex deposition, courts consider: "(1) whether the deponent has unique first-hand, non-repetitive knowledge of the facts at issue in the case and (2) whether the party seeking the deposition has exhausted other less intrusive discovery methods." *Id.* However, "a party seeking to prevent a deposition carries a heavy burden to show why discovery should be denied." *Id.* (citing to *Celerity, Inc. v. Ultra Clean Holding, Inc*., No. C 05-4374MMC(JL), 2007 WL 205067, at *4 (N.D. Cal. Jan. 25, 2007)). Thus, it is very unusual "for a court to prohibit the taking of a deposition altogether absent extraordinary circumstances." *Id.* (citing to *WebSideStory, Inc. v. NetRatings, Inc.,* 06CV408 WQH (AJB), 2007 WL 1120567, at *2 (S.D.Cal. Apr. 6, 2007)).

As proven above, Brent Jones does in fact have non-repetitive information about this case, and it is questionable whether Brent Jones' status as Real Water's founder and President is really so far removed from the other management-level individuals involved in this litigation. Real Water has confirmed that there are less than 50 employees with the Company, and it appears that Real Water divides its employees into management level and non-management level employees. *See* Exh. 5 at

Req. 22. Thus, Brent Jones' status as the President of Real Water should not be used as a shield to prevent him from giving testimony as to the facts at issue.

Even under the federal "Apex Doctrine," Brent Jones' involvement and personal knowledge of the origins of Real Water's orientation videos and the optional courses authored by L. Ron Hubbard would subject him to a deposition. *See Apple Inc. v. Samsung Electronics Co., Ltd,* 282 F.R.D. 259 (N.D. Cal. 2012) (when a witness has personal knowledge of facts relevant to the lawsuit, even a corporate president or chief executive officer (CEO) is subject to deposition.). Real Water's self-serving claim that Brent Jones has no first-hand knowledge of this case (which is not even supported by an affidavit) does not preclude Mr. Jones from a deposition, especially when Mr. Jones' media interviews and his direct involvement in responding to Plaintiff's written discovery requests shows he does in fact have knowledge of Plaintiff and the facts surrounding her claims. *Id.* (also holding, claimed lack of knowledge, by itself, is insufficient to preclude a deposition). "[A] party seeking to prevent a deposition carries a heavy burden to show why the discovery should be denied ... [and] it is highly unusual for a court to prohibit the taking of a deposition all together." *Id.*

Therefore, this Court should allow the Plaintiff to move forward with the deposition of Brent Jones.

**2. Defendant's Motion to Compel Arbitration is Irrelevant to this Discovery Dispute**

Without citing any case law indicating that a party can unilaterally limit the bounds of discovery just because it has filed a motion to compel arbitration and that motion has not yet been decided by the Court, Defendant is attempting to use its motion to compel arbitration [ECF No. 9] as an excuse not to participate in the discovery process mandated by FRCP and the rules of this Court. Such a tactic is inappropriate. If Defendant felt that discovery should have been limited pending the Court's decision on its motion to compel arbitration, then it should have filed a motion to stay discovery with the Court, or a motion for protective order prior to stringing Plaintiff along and seemingly cooperating with scheduling Brent Jones' deposition. Now, with the discovery deadline looming, Defendant has filed the instant Motion and has heavily cited to the rules for conducting discovery during arbitration, which are completely irrelevant, as this case is not in arbitration.

Plaintiff should not be punished and Defendant should not be rewarded simply because the

1 Court has not decided Defendant's motion to compel arbitration yet, and any arguments regarding the
2 scope of discovery during the arbitration process should be disregarded by this Court.

3     **C. DISCOVERY MAY NEED TO BE EXTENDED TO ALLOW FOR THE DEPOSITIONS OF BRENT**
4          **JONES AND BONNIE MERCADO TO TAKE PLACE**

5     Finally, in the event that this Court denies Defendant's Motion, Plaintiff respectfully requests
6 that the Court extend the current discovery deadline of November 21, 2016 if needed in order to allow
7 the depositions of Brent Jones and Bonnie Mercado to take place.  Plaintiff did not file a separate
8 motion to extend the discovery deadline because there was no active dispute, but Plaintiff anticipates
9 Defendant continuing its pattern of delaying discovery and does not want to have to file a separate
10 motion in the event Defendant and Plaintiff are unable to find mutually-agreeable deposition dates
11 within the current discovery deadline.

12 **V. CONCLUSION**

13     Plaintiff has shown that Brent Jones has unique and non-repetitive knowledge about the
14 subject matter of this action, a fact that Defendant seemingly agreed to for weeks as Defendant's
15 counsel made efforts to work with Plaintiff on scheduling Brent Jones' deposition.  Defendant has not
16 shown good cause for drastically changing course and seeking a protective order at this late-stage of
17 discovery.  Therefore, Plaintiff respectfully requests that the Court deny Defendant's Motion for
18 Protective Order and allow the deposition of Brent Jones (along with the deposition of Bonnie
19 Mercado, which Defendant concedes in its Motion is relevant and appropriate) to go forward in this
20 action.

21     DATED this 25th day of October, 2016.

22                                         Respectfully submitted,

23                                           **MAIER GUTIERREZ AYON**

24                                          */s/ Danielle J. Barraza*_____
25                                          JOSEPH A. GUTIERREZ, ESQ.
                                         Nevada Bar No. 9046
26                                          DANIELLE J. BARRAZA, ESQ.
                                         Nevada Bar No. 13822
27                                          400 South Seventh Street, Suite 400
                                         Las Vegas, Nevada 89101
28                                          *Attorneys for Plaintiff Grecia Echevarria-*
                                         *Hernandez*



**CERTIFICATE OF SERVICE**

I hereby certify that on the 25th day of October, 2016, I served a true and correct copy of the foregoing **OPPOSITION TO DEFENDANT'S EMERGENCY MOTION FOR PROTECTIVE ORDER** via electronic mail and by depositing a true and correct copy of the same, enclosed in a sealed envelope upon which first class postage was fully prepaid, in the U.S. Mail at Las Vegas, Nevada, addressed to the following parties:

Kristol Bradley Ginapp, Esq.
Cayla Witty, Esq.
LEWIS BRISBOIS BISGAARD & SMITH LLP.
6385 S. Rainbow Boulevard, Suite 600
Las Vegas, Nevada 89118
*Attorneys for Defendant Affinitylifestyles.com, Inc.*

*/s/ Natalie Vazquez*
An Employee of MAIER GUTIERREZ AYON