EXHIBIT 18

DECLARATION OF DANIELLE BARRAZA, ESQ.

1  JOSEPH A. GUTIERREZ, ESQ.
   Nevada Bar No. 9046
2  DANIELLE J. BARRAZA, ESQ.
   Nevada Bar No. 13822
3  **MAIER GUTIERREZ AYON**
   8816 Spanish Ridge Avenue
4  Las Vegas, Nevada 89148
   Telephone: 702.629.7900
5  Facsimile:  702.629.7925
   E-mail:     jag@mgalaw.com
6              djb@mgalaw.com

7  *Attorneys for Plaintiff Grecia Echevarria-Hernandez*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| GRECIA ECHEVARRIA-HERNANDEZ, individually, | Case No.: 2:16-cv-00943-GMN-VCF |
| Plaintiff, | **DECLARATION OF DANIELLE J. BARRAZA IN SUPPORT OF PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION FOR PROTECTIVE ORDER** |
| vs. | |
| AFFINITYLIFESTYLES.COM, INC. d/b/a REAL ALKALIZED WATER, a Nevada corporation; DOES I-X; and ROE BUSINESS ENTITIES I-X, inclusive, | |
| Defendants. | |

I, DANIELLE J. BARRAZA, ESQ., hereby declare as follows:

1.  I am over the age of eighteen (18) and I have personal knowledge of all the facts set forth herein.  Except otherwise indicated, all facts set forth in this declaration are based upon my own personal knowledge and my review of the relevant documents.  If called to do so, I would competently and truthfully testify to all matters set forth herein, except for those matters stated to be based upon information and belief.

2.  I am an associate with the law firm of MAIER GUTIERREZ AYON, counsel for Plaintiff Grecia Echevarria-Hernandez ("Plaintiff") in the above-captioned proceeding.  I am duly license dto practice law in the State of Nevada.



1

3. I make this declaration in support of Plaintiffs' opposition ("Opposition") to Defendant Affinitylifestules.com, Inc, d/b/a Real Alkalized Water's ("Defendant" or "Real Water") emergency motion for protective order (the "Motion") [ECF No. 22].

4. On July 6, 2016, Plaintiff sent her (1) first set of interrogatories, (2) first set of requests for admission, and (3) first set of requests for production of documents to Defendant. A true and accurate copy of Plaintiff's first set of interrogatories is attached to the Opposition as **Exhibit 2;** a true and accurate copy of Plaintiff's first set of requests for admission is attached to the Opposition as **Exhibit 3;** and a true and accurate copy of Plaintiff's first set of requests for production of documents is attached to the Opposition as **Exhibit 4.**

5. A true and accurate copy of Defendant's Responses to Plaintiff's First Set of Interrogatories, is attached to the Opposition as **Exhibit 5**; a true and accurate copy of Defendant's Responses to Plaintiff's First Set of Requests for Admission is attached to the Opposition as **Exhibit 6**; and a true and accurate copy of Defendant's Responses to Plaintiff's First Set of Requests for Production of Documents is attached to the Opposition **Exhibit 7.**

6. On August 26, 2016, I sent Defendant's counsel an email requesting the deposition availability for the following witnesses: Brent Jones, Aimee Jones, and Frank Consiglio, all Real Water employees at management level. *See* a true and accurate copy of Email Correspondence Dated August 26, 2016, attached to the Opposition as **Exhibit 8**.

7. Defendant's counsel responded later that day confirming that Real Water would be producing all of those witnesses, including Brent Jones, stating the following: "Please note that all of the individuals you have identified have an ownership and/or management role in the company and, thus, will be produced and represented by our firm at the depositions." *See id.* At no time did Defendant's counsel indicate to me verbally or in writing that Real Water had any initial objections with producing Brent Jones for a deposition.

8. On August 31, 2016, Defendant's counsel sent me another email confirming that "I am still working on dates for all of the depositions and anticipate I will have them by the end of the week. Thanks." *See* a true and accurate copy of Email Correspondence Dated August 31, 2016, attached to the Opposition as **Exhibit 9**.



1  9. On September 6, 2016, after not receiving any update from opposing counsel regarding the deposition availability for the above-named witnesses, I sent Defendant's counsel a reminder e-mail indicating that Plaintiff would like to get the depositions scheduled as soon as possible. *See* a true and accurate copy of Email Correspondence Dated September 6, 2016, attached to the Opposition as **Exhibit 10**.

10. After another week went by without any word from Defendant's counsel, I was forced to send Defendant's counsel a letter pursuant to Local Rule 26-7 on September 12, 2016 indicating that these were supposed to be initial depositions which Plaintiff anticipated would lead to the identification of additional witnesses and the need for additional written discovery. *See* a true and accurate copy of LR 26-7 Letter, attached to the Opposition as **Exhibit 11**.

11. Finally, on September 14, 2016 (over two weeks after I had initially requested dates on behalf of Plaintiff), Defendant's counsel provided one date of availability each for Real Water's Rule 30(b)(6) designee, Aimee Jones, Frank Consiglio, and Brent Jones, indicating that Brent Jones would be available October 4, 2016. *See* a true and accurate copy of Email Correspondence Dated September 14-15, 2016, attached to the Opposition as **Exhibit 12**.

12. Later that day, I confirmed that the deposition dates would work for Brent Jones, Aimee Jones, and Frank Consiglio, but that the deposition date for the 30(b)(6) designee would have to be rescheduled. *See id.* Defendant's counsel responded with the following statement: "Please move Rule 30(b)(6) deponent to October 4th *and we will find a new date for Brent*. Thanks." *Id.* (emphasis added).

13. On September 15, 2016, I agreed to Defendant's request and asked Defendant's counsel to provide three alternative dates for Brent Jones' deposition. *Id.*

14. On September 20, 2016, I sent Defendant's counsel a proposed draft of the Joint Interim Status Report and also reminded Defendant's counsel that "[W]e are still requesting that you provide us with 3 alternative dates for Brent Jones' deposition, pursuant to our previous discussions on this matter." *See* a true and accurate copy of Email Correspondence Dated September 20, 2016, attached to the Opposition as **Exhibit 13**.

15. After again not receiving any kind of response from Defendant's counsel on this



3

1 matter, I was forced to unilaterally set Brent Jones' deposition in order to ensure there would still be
2 enough time to conduct any additional discovery that the deposition would lead to. Thus, on
3 September 29, 2016, Plaintiff sent out a notice of taking Brent Jones' deposition, set for October 18,
4 2016. *See* a true and accurate copy of Notice of Taking Videotaped Deposition of Brent Jones,
5 attached to the Opposition as **Exhibit 14**.

6       16. On Tuesday October 4, 2016, Defendant's counsel sent my co-counsel Joseph
7 Gutierrez, Esq. an email stating: "***If Mr. Jones is available this Friday, would you be agreeable to***
8 ***moving Mr. Jones deposition to this Friday in place of Aimee Jones' and reschedule Ms. Jones?***
9 Please advise." *See* a true and accurate copy of Email Correspondence Dated October 4, 2016,
10 attached to the Opposition as **Exhibit 15**. Having already prepared to take Aimee Jones' deposition,
11 Mr. Gutierrez responded "We want to keep the deposition schedule as noticed. Do you have other
12 available dates for Brent Jones?" *Id.*

13       17. After not receiving any kind of response from Defendant's counsel regarding the notice
14 of Brent Jones' deposition, the deposition of Aimee Jones went forward as scheduled on October 4,
15 2016, and on October 14, 2016, I sent Defendant's counsel an email asking if the deposition of Brent
16 Jones noticed for October 18, 2016 would be going forward. *See* a true and accurate copy of Email
17 Correspondence Dated October 14, 2016, attached to the Opposition as **Exhibit 16**.

18       18. Instead of substantively responding to my email, Defendant's counsel Kristol Ginapp,
19 Esq. indicated that her associate Cayla Witty, Esq. had allegedly called me "three times in the past 24
20 hours about this very topic," and asked me to return that phone call. *Id.* I responded that there may
21 have been a technical problem, as this was the first I was learning about any calls, but I promptly
22 called Ms. Witty that same day on October 14, 2016. *Id.*

23       19. During my phone call with Ms. Witty on October 14, 2016, Ms. Witty indicated that
24 because Brent Jones was an Assemblyman, he was not currently in town and they were unsure as to
25 when he would be back in town in order to be available for a deposition. I responded that I was aware
26 the Legislature had ended is session earlier that very morning, and inquired as to whether that would
27 affect October 18, 2016 possibly working for Brent Jones' deposition. Ms. Witty responded that she
28 would find out from her client, and also indicated that Plaintiff might want to consider going forward

4

1   with only Bonnie Mercado's deposition instead of Brent Jones deposition, because if Plaintiff
2   attempted to seek five depositions of Real Water employees, Defendant would be forced to file a
3   motion for protective order "based on the costs" Real Water was incurring in this litigation, as Real
4   Water felt it should not have to conduct such extensive discovery while waiting for the Court to rule
5   on its motion to compel arbitration [ECF No. 9].  *See* a true and accurate copy of Email
6   Correspondence Dated October 17, 2016, attached to the Opposition as **Exhibit 17**.  I indicated that I
7   would discuss that with my co-counsel Joseph Gutierrez, Esq. and asked that in the meantime, Ms.
8   Witty find out whether October 18, 2016 would work for Brent Jones' deposition, and if it would not
9   work the deposition would be vacated.

10       20.   On October 17, 2016, Defendant's counsel Ms. Witty sent me an email affirming that
11   Real Water was still working on finding available dates for Mr. Jones and that "[i]f Plaintiff seeks a
12   fifth deposition, Defendants will file a motion for protective order."  *See* Exh. 17.  I responded a half
13   hour later, stating that it was inappropriate and unreasonable for Real Water to demand discovery
14   limitations just because it was waiting on the Court to decide its motion to compel arbitration, and
15   indicating that there was no legal basis to arbitrarily limit the Real Water depositions to four
16   individuals.  *Id.*

17       21.   On October 20, 2016, my office deposed Blain Jones as the FRCP 30(b)(6) designee
18   for Real Water.

19       22.   My office has not yet received the transcript for that deposition, and Plaintiff will seek
20   leave to supplement Plaintiff's Opposition with that deposition, as it is highly relevant to the merits
21   of Defendant's motion.

22       23.   According to the notes I wrote down during the FRCP 30(b)(6) deposition of Real
23   Water, on at least two occasions Blain Jones indicated areas where Brent Jones would have specific
24   knowledge about information relevant to Plaintiff's Complaint.

25       24.   According to my notes, after I asked Blain Jones about how Real Water formed the
26   opinion that L. Ron Hubbard's management technology teachings are completely separate from his
27   Scientology teachings, the Rule 30(b)(6) designee noted that Real Water's opinion on that issue was
28   formed in the beginning stages of the company, and that Brent Jones would be better able to testify



5

1 about that.

2     25. According to my notes, after I asked Blain Jones about who made the decision to implement L. Ron Hubbard's teachings into Real Water's business philosophy, Blain Jones indicated that decision was made by Brent Jones and his wife at the time, Lori[sp?] Jones.

    I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of knowledge, information and belief.

    DATED this 25th day of October, 2016.

                                      */s/ Danielle J. Barraza*
                                        DANIELLE J. BARRAZA, ESQ.