KRISTOL BRADLEY GINAPP
Nevada Bar No. 8468
  E-Mail: Kristol.Ginapp@lewisbrisbois.com
CAYLA WITTY
Nevada Bar No. 12897
  E-Mail: Cayla.Witty@lewisbrisbois.com
LEWIS BRISBOIS BISGAARD & SMITH LLP
6385 S. Rainbow Boulevard, Suite 600
Las Vegas, Nevada 89118
702.893.3383
FAX: 702.893.3789

Attorneys for *Affinitylifestyles.com, Inc. d/b/a Real Alkalized Water*

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| GRECIA ECHEVARRIA-HERNANDEZ, individually,<br><br>Plaintiff,<br><br>vs.<br><br>AFFINITYLIFESTYLES.COM, INC. d/b/a REAL ALKALIZED WATER, a Nevada corporation, DOES I-X, and ROE BUSINESS ENTITIES I-X, inclusive,<br><br>Defendants. | CASE NO. 2:16-cv-00943-GMN-VCF<br><br>**STIPULATION AND ORDER TO EXTEND DISCOVERY DEADLINES**<br><br>(SECOND REQUEST) |

Pursuant to LR 6-1 and LR 26-4, Defendant Affinitylifestyles.com, Inc. d/b/a Real Alkalized Water ("Real Water") and Plaintiff Grecia Echevarria-Hernandez, by and through their respective counsel of record, hereby stipulate and request that this Court extend discovery in the above-captioned case thirty days (30) days, up to and including February 20, 2017.  In addition, the parties request that all corresponding dispositive motions and pretrial order deadlines be extended as outlined herein.  In support of this Stipulation and Request, the parties state as follows:

**DISCOVERY COMPLETED**

1. On April 26, 2016, this action was commenced by filing of the Complaint.

2. On May 25, 2016, Defendant filed its Motion to Compel Arbitration.

4819-5913-2224.1                                                              1

3. On July 5, 2016, Plaintiff produced her Initial Disclosures.

4. On July 6, 2016, Plaintiff propounded her First Set of Requests for Production of Documents, First Set of Requests for Admissions, and First Set of Interrogatories to Real Water.

5. On July 7, 2016, the parties submitted a proposed Discovery Plan and Scheduling Order, which the Court signed as an Order on July 8, 2016.

6. On July 12, 2016, Real Water produced their Initial Disclosures of Production of Documents.

7. On August 15, 2016, Real Water propounded their Responses to Plaintiff's First Set of Requests for Admission and Responses to Plaintiff's First Set of Interrogatories to Plaintiff.

8. On August 17, 2016, Real Water propounded their Responses to Plaintiff's First Set of Requests for Production of Documents to Plaintiff.

9. On August 17, 2016, Real Water produced their First Supplemental Disclosures.

10. On October 3, 2016, Plaintiff produced her First Supplement to Initial Disclosures.

11. On October 7, 2016, Plaintiff deposed Real Water employee Aimee Jones.

12. On October 11, 2016, Plaintiff deposed Real Water employee Frank Consiglio.

13. On October 11, 2016, Plaintiff produced her Second Supplement to Initial Disclosures.

14. On October 12, 2016, Plaintiff propounded her Second Set of Interrogatories and Second Set of Requests for Production of Documents to Real Water.

15. On October 25, 2016, Plaintiff produced her Third Supplement to Initial Disclosures.

16. On October 27, 2016, Plaintiff deposed Blain Jones, Real Water's Rule 30(b)(6) witness.

17. On October 31, 2016, Plaintiff produced her Fourth Supplement to Initial Disclosures.

18. On November 3, 2016, Real Water deposed Plaintiff.

19. On November 8, 2016, Plaintiff produced her Fifth Supplement to Initial Disclosures.

4819-5913-2224.1

2

20. On December 9, 2016, Plaintiff produced her Sixth Supplement to Initial Disclosures.

21. On December 14, 2016, the parties mutually exchanged initial expert disclosures.

22. On December 15, 2016, Plaintiff propounded her Third Set of Interrogatories to Defendant, her Second Set of Requests for Admission to Defendant, and her Third Set of Requests for Production of Documents to Defendant.

23. On December 28, 2016, Plaintiff produced her Seventh Supplement to Initial Disclosures.

24. On December 28, 2016, Plaintiff deposed Brent Jones and Bonnie Mercado.

25. On January 9, 2017, Plaintiff produced her rebuttal expert disclosures.

26. On January 9, 2017, Real Water produced its supplemental designation of expert witnesses.

27. On January 16, 2017, Plaintiff unilaterally set Jeramy Edgel's deposition for January 20, 2017 to preserve a date within the current discovery period because Defendant was unable to provide availability for Mr. Edgel at the time.

## DISCOVERY REMAINING

1. The deposition of Jeramy Edgel.
2. The depositions of the parties' named experts.
3. Any additional discovery.

## REASONS WHY DISCOVERY WAS NOT COMPLETED

Mr. Edgel's deposition has not been accomplished due to the witness' unavailability. When Plaintiff first requested Mr. Edgel's deposition, the witness was on medical leave from work with Defendant. Since that time, Mr. Edgel has ended his employment with Defendant. Defendant will provide additional proposed dates of availability for Mr. Edgel's deposition, but the date unilaterally set by Plaintiff is unavailable for Defendant's counsel.

After the parties mutually exchanged expert disclosures on December 14, 2016, due to the intervening holidays and the parties' schedules, dates for depositions have not been set. The

parties agree to coordinate on dates within the short extension to accomplish this remaining discovery.

Additionally, Defendant has requested an extension of time to submit responses to Plaintiff's Third Set of Interrogatories, Second Set of Requests for Admission, and Third Set of Requests for Production of Documents, which necessitates a short extension of the discovery deadline.

The parties agree to cooperate and diligently coordinate any remaining discovery activities. Based on the foregoing, the parties aver, pursuant to Local Rule 6-1, that good cause exists for the requested extension.

## PROPOSED SCHEDULE FOR DISCOVERY

The following is a list of the current discovery deadlines and the parties' proposed extended deadlines.

| Scheduled Event | Current Deadline | Proposed Deadline |
| --- | --- | --- |
| Discovery Cut-off | January 20, 2017 | February 20, 2017 |
| Dispositive Motions | February 20, 2017 | March 22, 2017 or at least thirty (30) days after the close of discovery |
| Joint Pretrial Order | March 22, 2017 | April 21, 2017 or at least thirty (30) days after the decision of last Dispositive Motions |

<u>Extension or Modification of The Discovery Plan and Scheduling Order</u>.  LR 26-4 governs modifications or extension of this discovery plan and scheduling order.  Any stipulation or motion must be made no later than twenty-one (21) days before the expiration of the subject deadline, and comply fully with LR 26-4.

The parties recognize that they are requesting an extension of the discovery deadline inside of the twenty-one (21) day period as set forth in LR 26-4.  As such, the parties submit that good cause exists to permit granting this short extension in light of the witness availability issues, the holiday schedule interference, and the parties' continuing cooperation.  Moreover, the parties submit that excusable neglect exists to permit granting the instant requested extension.  In

4819-5913-2224.1                                    4

1  evaluating excusable neglect, the court considers the following factors:  (1) the reason for the
2  delay and whether it was in the reasonable control of the moving party, (2) whether the moving
3  party acted in good faith, (3) the length of the delay and its potential impact on the proceedings,
4  and (4) the danger of prejudice to the nonmoving party.  *See Pioneer Inv. Servs. Co. v. Brunswick*
5  *Assocs.*, 507 U.S. 380, 395 S. Ct. 1489, 123 L.Ed.2d 74 (1993).  The parties continue to act in
6  good faith to complete discovery as ordered by the Court.  Further, this extension request is made
7  in good faith, jointly by the parties, and not for the purposes of delay.  Trial in this matter has not
8  yet been set.  Moreover, since this request is a joint request, neither party will be prejudiced.

9        This Request for an extension of time is not sought for any improper purpose or other
10  purpose of delay.  Rather, it is sought by the parties solely for the purpose of allowing sufficient
11  time to conduct discovery in this case and to adequately prepare their respective cases for trial.

12        This is the second request for extension of time in this matter.  The parties respectfully
13  submit that the reasons set forth above constitute compelling reasons for the short extension.

14  / / /
15  / / /
16  / / /
17  / / /
18  / / /
19  / / /
20  / / /
21  / / /
22  / / /
23  / / /
24  / / /
25  / / /
26  / / /
27  / / /
28  / / /

4819-5913-2224.1

5

1     WHEREFORE, the parties respectfully request that this Court extend the discovery period by thirty days (30) from the current deadline of January 20, 2017 up to and including February 20, 2017 and the other dates as outlined in accordance with the table above.

DATED this 18th day of January, 2017.      DATED this 18th day of January, 2017.

*/s/ Danielle J. Barraza, Esq.*      */s/ Cayla Witty, Esq.*

| | |
|---|---|
| Joseph A. Gutierrez, Esq.<br>Danielle J. Barraza, Esq.<br>MAIER GUTIERREZ AYON<br>8816 Spanish Ridge Avenue<br>Las Vegas, NV 89148<br>T: 702-629-7900<br>F: 702-629-7925<br>E: jag@mgalaw.com<br>E: djb@mgalaw.com<br><br>Attorneys for Plaintiff Grecia Echevarria-Hernandez | Kristol Bradley Ginapp, Esq.<br>Cayla Witty, Esq.<br>LEWIS BRISBOIS BISGAARD & SMITH LLP<br>6385 S. Rainbow Boulevard, Suite 600<br>Las Vegas, Nevada 89118<br>T. 702.893.3383<br>F: 702.893.3789<br>E: Kristol.Ginapp@lewisbrisbois.com<br>E: Cayla.Witty@lewisbrisbois.com<br><br>Attorneys for Affinitylifestyles.com, Inc. d/b/a Real Alkalized Water |

## ORDER

**IT IS SO ORDERED,**

**DATED this** 19th **of January, 2017.**

_____
**US MAGISTRATE JUDGE**

4819-5913-2224.1

6