JOSEPH A. GUTIERREZ, ESQ.
Nevada Bar No. 9046
DANIELLE J. BARRAZA, ESQ.
Nevada Bar No. 13822
**MAIER GUTIERREZ AYON**
8816 Spanish Ridge Avenue
Las Vegas, Nevada 89148
Telephone: 702.629.7900
Facsimile:  702.629.7925
E-mail:     jag@mgalaw.com
            djb@mgalaw.com

*Attorneys for Plaintiff Grecia Echevarria-Hernandez*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| GRECIA ECHEVARRIA-HERNANDEZ, individually,<br><br>Plaintiff,<br><br>vs.<br><br>AFFINITYLIFESTYLES.COM, INC. d/b/a REAL ALKALIZED WATER, a Nevada corporation; DOES I-X; and ROE BUSINESS ENTITIES I-X, inclusive,<br><br>Defendants. | Case No.: 2:16-cv-00943-GMN-VCF<br><br>**PLAINTIFF'S OPPOSITION TO DEFENDANT'S EMERGENCY MOTION TO STAY DISPOSITIVE FILING DEADLINE** |

Plaintiff GRECIA ECHEVARRIA-HERNANDEZ ("Plaintiff" or "Ms. Hernandez"), by and through her attorneys of record, the law firm MAIER GUTIERREZ AYON, hereby files this Opposition ("Opposition") to Defendant AFFINITYLIFESTYLES.COM, INC. d/b/a REAL ALKALIZED WATER's ("Defendant" or "Real Water") Motion to Stay Dispositive Motion Filing Deadline (the "Motion") [ECF No. 32].

/ / /

/ / /

/ / /

/ / /



1

This Opposition is made and based upon the following memorandum of points and authorities, the pleadings and papers on file herein, and any oral argument at the time of the hearing.

DATED this 8th day of March, 2017.

Respectfully submitted,

**MAIER GUTIERREZ AYON**

_/s/ Danielle J. Barraza_
JOSEPH A. GUTIERREZ, ESQ.
Nevada Bar No. 9046
DANIELLE J. BARRAZA, ESQ.
Nevada Bar No. 13822
8816 Spanish Ridge Avenue
Las Vegas, Nevada 89148
*Attorneys for Plaintiff Grecia Echevarria-Hernandez*



2

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.  INTRODUCTION**

This case involves defendant company Real Water, through its managers including its founder and president Brent Jones, repeatedly pressuring Ms. Hernandez into participating in mandatory Scientology-themed programs at work, and terminating her when she refused to partake in the religious coursework.

Real Water has moved the Court for a stay of the pending dispositive motion filing deadline until the Court makes a decision on Real Water's motion to compel arbitration.  *See* ECF No. 32. Because there is no reason to do so and Real Water will incur no prejudice in simply briefing this matter in a timely fashion whether or not arbitration is compelled, Ms. Hernandez respectfully opposes the motion.

**III.  LEGAL STANDARD**

Real Water confusingly failed to include in its motion the proper legal standard for a stay of litigation, choosing instead to repurpose much of the case law cited in its previously-filed motion to compel arbitration [ECF No. 9], so Plaintiff will clarify the standard.  The Court has inherent authority to grant a stay of litigation, as the "power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936).  This practice calls for "the exercise of judgment, which must weigh competing interests and maintain an even balance." *Id.* at 254-55.

> Where it is proposed that a pending proceeding be stayed, the competing interests which will be affected by the granting or refusal to grant a stay must be weighed. Among these competing interests are the possible damage which may result from the granting of a stay, the hardship or inequity which a party may suffer in being required to go forward, and the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay.

*CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962).

Here, the balances of interest clearly weigh in favor of Ms. Hernandez, and as explained below, Real Water will suffer absolutely no hardship in moving forward with this matter.



3

## IV. THERE IS NO REASON TO GRANT A STAY IN THIS MATTER

Real Water uses its motion to present a slanted version of the history of this case, boasting that it has "cooperated in discovery" and "opposed Plaintiff's insistence on cumulative discovery pending resolution of Real Water's Motion to Compel Arbitration," when in reality Real Water attempted to unilaterally impose caps on the number of depositions Plaintiff could take and refused to cooperate in letting Plaintiff depose 1) Bonnie Mercado, Ms. Hernandez's direct supervisor at Real Water; and 2) Brent Jones, the president of Real Water, both of whom not only have direct involvement in this case but have made disparaging comments about Plaintiff in media interviews.

Instead of allowing Ms. Hernandez to conduct the depositions, Real Water obstructed Plaintiff's right to conduct discovery by filing a motion for protective order with respect to the two witnesses, which was denied in its entirety. *See* ECF No. 26.  Accordingly, any notion that Real Water has fully "cooperated" in the discovery process should be disregarded, and it is clear that the instant motion is simply another example of Real Water strategically trying to get out of having to defend this case in a timely and efficient fashion.

Further, it is perplexing that Real Water chose to wait over <u>nine months</u> after it filed its motion to compel arbitration to file the instant motion, as Real Water apparently found no issue with participating in a full discovery period, yet somehow Real Water will suddenly be prejudiced by having to prepare or respond to dispositive motion briefing.  If Real Water truly felt it would be prejudiced by participating in this case during the pendency of its motion to compel arbitration, it would have made more sense for Real Water to file a motion to stay discovery, not a motion to stay the dispositive motion deadline.

Indeed, the case law Real Water cites to in support of its motion refers to defendants who moved for a stay <u>before</u> participating in a full discovery period, which is when any prejudice arguments would have potentially held weight. *See Miceli v. Citigroup, Inc*, No. 215CV01962GMNVCF, 2016 WL 1170994, at *1 (D. Nev. Mar. 22, 2016) (nothing that the Defendants were asking the court to "stay all pre-trial obligations, ***including discovery***, pending a decision on defendants' Motion to Dismiss Plaintiff's Complaint and Compel Arbitration.") (emphasis added).

4

1          Real Water also indicates in a footnote that the parties have stipulated to allowing Real Water
2   to take the deposition of witness Shawna Sullivan in this matter [ECF No. 32 at p. 6], which is a
3   separate but related issue, as it is important to note that Real Water could have simply requested an
4   extension of the dispositive motion deadline or the ability to supplement dispositive motion briefing
5   following Ms. Sullivan's deposition.  Instead of doing so, Real Water is attempting to rely on the
6   complete <u>assumption</u> that the Court will grant its pending motion to compel arbitration in order to get
7   out of doing any dispositive motion briefing.  There is no way of knowing exactly when the Court
8   will decide Real Water's pending motion to compel arbitration, and the delay could be extended
9   because Plaintiff intends on imminently filing a motion to supplement briefing on that motion based
10  on the deposition testimony that was procured on the issue of the arbitration language contained within
11  Ms. Hernandez's deposition, with one witness at the management level testifying that Real Water
12  applicants were <u>forced</u> to agree to the arbitration terms if they wanted to work at Real Water.
13  Accordingly, Plaintiff believes that any ruling on Real Water's instant motion based on a mere
14  assumption that Real Water will prevail on its motion to compel arbitration would be inappropriate at
15  this time.
16         Finally, Real Water insists that because the parties have agreed to arbitration (which Plaintiff
17  disputes) "dispositive motions are unnecessary and a waste of judicial resources."  ECF No. 32 at p.
18  6.  This appears to be Real Water's only argument regarding the alleged "prejudice" it would suffer,
19  as Real Water contends it will "face prejudice if it is required to present the legal issues pending in
20  multiple forums," and that "it is likely that arbitration will more quickly resolve any dispositive motion
21  and/or trial than proceeding in this forum." ECF No. 32 at p. 3 and p. 6.
22         This argument is misguided, however, because there is no reason that dispositive motions
23  briefed and submitted to this Court cannot simply be heard and argued in an arbitration proceeding
24  should the Court grant Real Water's motion to compel.  There would not be any "re-litigating" of this
25  matter, as the parties would simply transfer the dispositive motion briefing to the arbitrator and allow
26  the parties to proceed in that setting if the Court deems it appropriate.  Real Water has set forth no
27  case law or arbitration rules indicating exactly how it would be forced to "re-litigate" the case in this
28  instance, and it appears that Real Water is once again relying on an assumption: that the Court would



5

actually take up oral argument and issue a ruling on any dispositive motions before issuing a ruling on the pending motion to compel arbitration, which is nonsensical. As such, the "prejudice" argument here is a complete red-herring, and with that being Real Water's only real argument, the Court should deny Real Water's motion in its entirety.

## V.  CONCLUSION

Real Water should not be allowed to brandish its pending motion to compel arbitration as a shield to get out of litigating this case and participating in the dispositive motion briefing. Real Water had no issue with conducting discovery, so there is no reason that any "prejudice" would now ensue at this stage, especially when any dispositive motions can simply be heard in arbitration if the Court decides to grant Real Water's motion on that issue. Based on the foregoing reasons, Plaintiff respectfully requests that this Court deny Real Water's motion in its entirety and allow the litigation to proceed with any dispositive motion filings.

DATED this 8th day of March, 2017.

Respectfully submitted,

**MAIER GUTIERREZ AYON**

 /s/ Danielle J. Barraza
JOSEPH A. GUTIERREZ, ESQ.
Nevada Bar No. 9046
DANIELLE J. BARRAZA, ESQ.
Nevada Bar No. 13822
8816 Spanish Ridge Avenue
Las Vegas, Nevada 89148
*Attorneys for Plaintiff Grecia Echevarria-Hernandez*



6

**CERTIFICATE OF SERVICE**

I hereby certify that on the 8th day of March, 2017, I served a true and correct copy of the foregoing **PLAINTIFF'S OPPOSITION TO DEFENDANT'S EMERGENCY MOTION TO STAY DISPOSITIVE FILING DEADLINE** via electronic mail and by depositing a true and correct copy of the same, enclosed in a sealed envelope upon which first class postage was fully prepaid, in the U.S. Mail at Las Vegas, Nevada, addressed to the following parties:

Kristol Bradley Ginapp, Esq.
Cayla Witty, Esq.
LEWIS BRISBOIS BISGAARD & SMITH LLP.
6385 S. Rainbow Boulevard, Suite 600
Las Vegas, Nevada 89118
*Attorneys for Defendant Affinitylifestyles.com, Inc.*

*/s/ Natalie Vazquez*
An Employee of MAIER GUTIERREZ AYON