JOSEPH A. GUTIERREZ, ESQ.
Nevada Bar No. 9046
DANIELLE J. BARRAZA, ESQ.
Nevada Bar No. 13822
**MAIER GUTIERREZ AYON**
8816 Spanish Ridge Avenue
Las Vegas, Nevada 89148
Telephone: 702.629.7900
Facsimile: 702.629.7925
E-mail:   jag@mgalaw.com
          djb@mgalaw.com

*Attorneys for Plaintiff Grecia Echevarria-Hernandez*

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| GRECIA ECHEVARRIA-HERNANDEZ, individually, | Case No.: 2:16-cv-00943-GMN-VCF |
| Plaintiff, | **PLAINTIFF'S MOTION FOR RECONSIDERATION OF COURT'S ORDER GRANTING DEFENDANT'S MOTION TO COMPEL ARBITRATION [ECF NO. 37]** |
| vs. | |
| AFFINITYLIFESTYLES.COM, INC. d/b/a REAL ALKALIZED WATER, a Nevada corporation; DOES I-X; and ROE BUSINESS ENTITIES I-X, inclusive, | |
| Defendants. | |

Plaintiff GRECIA ECHEVARRIA-HERNANDEZ ("Plaintiff" or "Ms. Hernandez"), by and through her attorneys of record, the law firm MAIER GUTIERREZ AYON, hereby files this motion for reconsideration of the Court's March 27, 2017 Order [ECF No. 37] granting Defendant AFFINITYLIFESTYLES.COM, INC. d/b/a REAL ALKALIZED WATER's ("Defendant" or "Real Water") Motion to Compel Arbitration (the "Motion") [ECF No. 9].

/ / /

/ / /

/ / /

/ / /



1

This motion is made and based upon the following memorandum of points and authorities, the exhibits attached hereto, the pleadings and papers on file herein, and any oral argument at the time of the hearing.

DATED this 6th day of April, 2017.

Respectfully submitted,

**MAIER GUTIERREZ AYON**

_/s/ Danielle J. Barraza_____
JOSEPH A. GUTIERREZ, ESQ.
Nevada Bar No. 9046
DANIELLE J. BARRAZA, ESQ.
Nevada Bar No. 13822
8816 Spanish Ridge Avenue
Las Vegas, Nevada 89148
*Attorneys for Plaintiff Grecia Echevarria-Hernandez*

2

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.    INTRODUCTION AND BACKGROUND**

This case involves defendant company Real Water, through its managers including its founder and president Brent Jones, repeatedly pressuring Plaintiff into participating in mandatory Scientology-themed programs at work, and terminating her when she refused to partake in the religious coursework.

Plaintiff filed her Complaint in this matter on April 26, 2016. ECF No. 1. On May 25, 2016, Defendant filed its motion to compel arbitration based on employment agreements Plaintiff signed on or around her first day of work, dated March 10, 2015 and March 11, 2015, which contained arbitration provisions. *See* ECF No. 9 at Ex. A and Ex. B.

On June 13, 2016, Plaintiff opposed Real Water's motion to compel arbitration, arguing that the arbitration clauses are procedurally and substantively unconscionable and void and unenforceable under NRS 597.995, which requires any such provision to be separately authorized from the rest of the agreement. ECF No. 15.

On June 23, 2016, Real Water filed its reply in support of its motion [ECF No. 16] and on March 27, 2017, the Court issued its Order granting Real Water's motion to compel arbitration. ECF No. 37.

Plaintiff respectfully requests reconsideration of the Court's Order compelling arbitration based on additional facts that were not available to the parties until after briefing was complete on the motion, along with additional legal authorities that suggest ruling in favor of Defendant would create a manifest injustice to Plaintiff.

**II.   LEGAL STANDARD**

Under FRCP Rule 60(b), a court may relieve a party from a final judgment, order or proceeding only in the following circumstances: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud; (4) the judgment is void; (5) the judgment has been satisfied; or (6) any other reason justifying relief from the judgment. *Stewart v. Dupnik*, 243 F.3d 549, 549 (9th Cir.2000); *see also De Saracho v. Custom Food Mach., Inc.*, 206 F.3d 874, 880

(9th Cir. 2000) (noting that the district court's denial of a Rule 60(b) motion is reviewed for an abuse of discretion).

A motion for reconsideration must set forth the following: (1) some valid reason why the court should revisit its prior order; and (2) facts or law of a "strongly convincing nature" in support of reversing the prior decision. *Frasure v. United States*, 256 F.Supp.2d 1180, 1183 (D. Nev. 2003). On the other hand, a motion for reconsideration is properly denied when the movant fails to establish any reason justifying relief. *Backlund v. Barnhart*, 778 F.2d 1386, 1388 (9th Cir. 1985) (holding that a district court properly denied a motion for reconsideration in which the plaintiff presented no arguments that were not already raised in his original motion). Motions for reconsideration are not "the proper vehicles for rehashing old arguments," *Resolution Trust Corp. v. Holmes*, 846 F.Supp. 1310, 1316 (S.D. Tex. 1994) (footnotes omitted), and are not "intended to give an unhappy litigant one additional chance to sway the judge." *Durkin v. Taylor*, 444 F.Supp. 879, 889 (E.D. Va. 1977).

"Reconsideration is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *Nunes v. Ashcroft,* 375 F.3d 805, 807 (9th Cir.2004); *School Dist. No. IJ, Multnomah Cnty. v. ACandS, Inc.,* 5 F.3d 1255, 1263 (9th Cir.1993). The disposition of a motion for reconsideration is within the district court's discretion. *Id.* (citing *Bliesner v. Commc'n Workers of Am.,* 464 F.3d 910, 915 (9th Cir.2006)). *See also*, Local Rule 59-1 (stating reconsideration is appropriate if "there is newly discovered evidence that was not available when the original motion or response was filed" or if "the court committed clear error or the initial decision was manifestly unjust").

Federal Rule of Civil Procedure 59(e) concerns "motion[s] to alter or amend the judgment" and requires that a motion brought under this rule shall be served within 10 days of the entry of judgment. Rule 4(a)(4) of the Federal Rules of Appellate Procedure provides that a notice of appeal filed while a timely Rule 59(e) motion is pending has no effect. Thus, as noted by the Supreme Court, "[t]ogether, these Rules work to implement the finality requirement of 28 U.S.C. § 1291 by preventing the filing of an effective notice of appeal until the District Court has had an opportunity to dispose of all motions that seek to amend or alter what otherwise might appear to be a final



4

judgment." *Osterneck v. Ernst & Whinney*, 489 U.S. 169, 174, 109 S.Ct. 987, 103 L.Ed.2d 146 (1989). "Because Rule 59(e) motions are the type of motions that ought to be ruled on by the district court before jurisdiction passes to the court of appeals, 'a postjudgment motion will be considered a Rule 59(e) motion where it involves reconsideration of matters properly encompassed in a decision on the merits.'" *McCalla v. Royal MacCabees Life Ins. Co.*, 369 F.3d 1128, 1130 (9th Cir. 2004) (*quoting Osterneck* at 174, 109 S.Ct. 987); *see also* 11 C. Wright, A. Miller & M. Kane, Federal Practice and Procedure § 2810.1, at 119 (2d ed.1995) (Because its terms are so general, Rule 59(e) "has been interpreted as permitting a motion to vacate a judgment rather than merely amend it.").

As discussed in more detail below, it is Plaintiff's position that reconsideration is proper because additional discovery that was conducted after the briefing on Defendant's motion to compel was complete (specifically, depositions of various Real Water employees) establishes that the arbitration terms within the Employment Agreements are both procedurally and substantively unconscionable and therefore invalid.

## III. RECONSIDERATION IS APPROPRIATE IN LIGHT OF NEWLY DISCOVERED EVIDENCE ACQUIRED AFTER BRIEFING ON THE MOTION TO COMPEL WAS COMPLETE

Following the briefing on Defendant's motion to compel, the parties moved forward with discovery. Specifically, Real Water's founder and president Brent Jones gave testimony regarding the Employment Agreements, in addition to Real Water's Rule 30(b)(6) representative Blain Jones, and Jeramy Edgel, who was previously Real Water's vice president of sales, distribution, and human resources. Plaintiff believes that this testimony merits reconsideration of the Court's Order.

### A. THE ARBITRATION PROVISION IS PROCEDURALLY UNCONSCIONABLE

Plaintiff respectfully asks that the Court reconsider its decision that the arbitration provisions within the Employment Agreements were not procedurally unconscionable. "An arbitration clause is procedurally unconscionable when a party has no meaningful opportunity to agree to the clause terms either because of unequal bargaining power, as in an adhesion contract, or because the clause and its effects are not readily ascertainable upon a review of the contract." *Gonski v. Second Judicial District*, 245 P.3d 1164, 1169 (Nev. 2010). "Procedural unconscionability often involves the use of fine print



1   or complicated, incomplete or misleading language that fails to inform a reasonable person of the
2   contractual language's consequences." *D.R. Horton v. Green*, 96 P.3d 1159, 1162 (Nev. 2002).

3       Plaintiff will not rehash the arguments made in previous briefing on this matter, but will
4   respectfully address the Court's valid point that in *Kindred v. Second Judicial Dist. Court ex rel.*
5   *County of Washoe*, the Nevada Supreme Court stated: "An adhesion contract is a standardized contract
6   form offered to consumers of goods and services essentially on a take it or leave it basis, without
7   affording the consumer a realistic opportunity to bargain. We have never applied the adhesion contract
8   doctrine to employment cases." 996 P.2d 903, 907 (Nev. 2000)[1].

9       Although that decision has not been overturned, the Nevada Supreme Court has recently
10  clarified its position on this issue and indicated that the adhesive nature of employment agreements
11  should be considered when analyzing procedural unconscionability.  *See Henderson v. Watson*, No.
12  64545, 2015 WL 2092073, at *2 (Nev. Apr. 29, 2015) (unpub. disp.) ("While the fact that the contract
13  is an employment agreement lends some credence to the idea that the contract is a contract of adhesion,
14  and thus procedurally unconscionable, respondent did not present any evidence other than his own
15  statement that he was unable to negotiate the contract.").

16      Accordingly, Plaintiff asks that the Court consider the wealth of testimony provided by both
17  Mr. Edgel and Brent Jones himself, confirming that the Employment Agreements which contained
18  the arbitration provisions were adhesion contracts that left Plaintiff with no choice but to sign the
19  agreements if she wanted to commence employment at Real Water.

20      After being shown the Employment Agreement at his deposition and asked if employees were
21  "effectively forced to sign off" on it, Mr. Edgel responded "If you want to get a job."  *See* **Exhibit 1**,
22  Dep. Transcript of Jeramy Edgel at 48:6-7.  Mr. Edgel continued as follows:

23      Q:    So if they don't sign that, they don't get a job; correct?
24      A:    Yeah.  But you got to think about how eager people are when you're looking
25              to get a new job, man, you'll sign about anything.

---

[1] The *Kindred* case was also brought up in Real Water's reply brief in support of its motion, but was not mentioned in the original motion and therefore Plaintiff was not afforded an opportunity to respond to the citation to *Kindred*.



6

| | | |
|---|---|---|
| 1 | . . . | |
| 2 | Q: | . . . So we're looking at this – you're forced effectively, if you don't sign this, |
| 3 | | you're not working; correct? |
| 4 | . . . | |
| 5 | A: | In my experience, yeah. I mean, I've never had a new hire that wasn't willing |
| 6 | | to sign the Employment Agreement. |

*Id.* at 48:7-20. Brent Jones <u>himself</u> also admitted the adhesive nature of the arbitration provisions:

| | | |
|---|---|---|
| 8 | Q: | Okay. Is it standard for all Real Water employees to sign Employment – |
| 9 | | Employment Agreements? |
| 10 | A: | Yes. |
| 11 | Q: | And why is that? |
| 12 | A: | It's just our practice. |
| 13 | Q: | Okay. And how long has that been the company's practice? |
| 14 | A: | As far as I can recall. |
| 15 | Q: | And what's the purpose of having the employees sign an Employment |
| 16 | | Agreement? |
| 17 | A: | It lays out an understanding of what is expected and what each individual's |
| 18 | | rights are. |
| 19 | . . . | |
| 20 | Q: | Now, this is mandatory for employment? |
| 21 | A: | Yeah. It's our standard operating procedure. |
| 22 | Q: | Okay. So if an employee is hired and does not want to sign this agreement, |
| 23 | | then they don't have a job; correct? |
| 24 | A: | We've never run across that before, but it's what our standard operating |
| 25 | | procedure is. |
| 26 | Q: | So you would agree that they would not be employed with the company if |
| 27 | | they didn't sign this document? |
| 28 | A: | I guess. |



7

1  *See* **Exhibit 2**, Dep. Transcript of Brent Jones at 83:23-84:9; 84:18-85:2.

2      Q:    Section 10 discusses "Mediation and Binding Arbitration of Disputes." Do

3             you see that?

4      A:    Yes.

5      Q:    Okay. Was this paragraph actually explained to [Plaintiff] prior to her signing

6             it?

7  . . .

8      A:    I wasn't there. So –

9      Q:    Okay. But again, this is mandatory as part of their – every employee signing

10            up for – signing the Employment Agreement for Real Water, correct?

11     A:    It's on our policy, yes.

*See id.* at 90:4-17.

Aside from the blatantly adhesive nature of the Employment Contracts, discovery allowed the parties to more closely analyze the two separate Employment Agreements, which do not have identical arbitration provisions. Brent Jones testified that he does not even know the difference between the two Employment Agreements Plaintiff was forced to sign. *See* Ex. 2 at 90:21-25.

In fact, Section 13 of the second Agreement (dated March 11, 2015), which is a crucial section because that is the section where Plaintiff releases all rights she has to pursue Title VII claims through the judicial system, is confusing on its face and its effects are not readily ascertainable. *See* ECF No. 9 at Ex. A. Section 13 appears to give its employees "two choices," but it is nearly impossible for a lay person to even understand the differences between these two "choices." The first choice indicates:

> I agree that any and all Title VII claims shall be resolved by binding arbitration in the same manner specified for Non-Title VII claims in paragraph 12.

*Id.* This is the choice that Plaintiff selects. The second choice indicates:

> I agree that any and all Title VII claims shall be resolved in the manner and by the remedies specified by law for Title VII claims, including recourse to the courts. In the event of any Title VII claim, the parties shall each utilize best efforts to agree to a comprehensive post-dispute arbitration agreement for such claim so that it would be resolved by binding arbitration in the same manner specified for non-Title VII claims in paragraph 12 above and elsewhere in this Agreement and so that any and all disputes would be resolved in an single, non-judicial forum.



*Id.* Had the second choice ended after its first sentence, the two choices would have been obviously clear as to their differences, but the fact that the second choice goes on and dictates that the parties still need to work together to come to a binding arbitration resolution calls into question whether Plaintiff really had any kind of "choice" to begin with.

When asked multiple times to testify to the differences between the two choices, Real Water's own Rule 30(b)(6) representative was unable to do so. *See* **Exhibit 3**, Dep. Transcript of Blain Jones at 58:10-59:11. In fact, Real Water's representative testified that he could understand how someone could be "confused" by the differences between the two choices, but that it was up to the employees to "hire counsel to explain it to them." *Id.* at 65:7-16.

Plaintiff urges the Court to consider the undisputedly adhesive nature of the employment agreements containing the arbitration provisions at issue here, especially because Plaintiff herself has testified that she did not understand the confusing terms of the arbitration provisions, which Real Water's own representative has testified is understandable. *See* **Exhibit 4**, Dep. Transcript of Grecia Echevarria-Hernandez at 99:6-23. These factors establish the procedural unconscionability of the arbitration provisions.

### B. THE ARBITRATION PROVISION IS SUBSTANTIVELY UNCONSCIONABLE

Plaintiff also respectfully asks that the Court reconsider its decision rendering the Employment Contracts substantively unconscionable.

While in general, both procedural and substantive unconscionability are required in order for a court to exercise its discretion to refuse to enforce a clause as unconscionable, "less evidence of substantive unconscionability is required in cases involving great procedural unconscionability." *D.R. Horton, Inc. v. Green*, 120 Nev. 549, 553, 96 P.3d 1159, 1162 (2004). Specific to arbitration agreements, "the agreement is unconscionable unless the arbitration remedy contains a 'modicum of bilaterality.'" *Ting v. AT&T*, 319 F.3d 1126, 1149 (9th Cir. 2003).

It should be noted that the second Employment Agreement Plaintiff signed, dated March 11, 2017 (which the Court has already recognized is the only one that should actually be at issue here because Section 22 of that agreement indicates that it "supersedes all previous agreements"), <u>was never even signed by a Real Water representative</u> binding the company to the provisions as well. *See*



<pre long="3" />

1  ECF No. 9 at Ex. A.  There is only a signature from Jeramy Edgel, who signed not as a signatory
2  binding Real Water to the agreement, but as a "witness."  *Id.*  Thus, the one-sided nature of the
3  Agreement could not be any clearer, as Real Water can argue that it technically is <u>not even bound</u> by
4  certain provisions within the Arbitration provisions that it may decide not to abide by down the line,
5  such as the fee provisions or the arbitration cost provisions.

6  Accordingly, while Plaintiff signed off on each separate section within the Employment
7  Agreement, it is clear from the face of the document that no corresponding lines were added for Real
8  Water to sign off on each separate section, and Real Water refused to even sign the Agreement as a
9  whole, opting only to have an employee sign as a "witness," so Plaintiff had no reason to believe that
10 Real Water would be bound by <u>any</u> of the provisions, let alone the arbitration provisions, which
11 eliminates any argument that the Agreement contained a "modicum of bilaterally," as is required by
12 the Ninth Circuit.

### IV.     CONCLUSION

14 Based on the foregoing, Plaintiff respectfully requests that this Court reconsider its March 27,
15 2017 Order [ECF No. 37] granting Defendant's motion to compel arbitration, as careful discovery
16 into the matter, including depositions of pertinent Real Water employees and its own founder and
17 president, has made it clear that the Employment Agreements containing the arbitration provisions at
18 issue are both procedurally and substantively unconscionable.

19 DATED this 6th day of April, 2017.

Respectfully submitted,

**MAIER GUTIERREZ AYON**


  */s/ Danielle J. Barraza*_____
JOSEPH A. GUTIERREZ, ESQ.
Nevada Bar No. 9046
DANIELLE J. BARRAZA, ESQ.
Nevada Bar No. 13822
8816 Spanish Ridge Avenue
Las Vegas, Nevada 89148
*Attorneys for Plaintiff Grecia Echevarria-Hernandez*



10

**CERTIFICATE OF SERVICE**

I hereby certify that on the 6th day of April, 2017, I served a true and correct copy of the foregoing **PLAINTIFF'S MOTION FOR RECONSIDERATION OF COURT'S ORDER GRANTING DEFENDANT'S MOTION TO COMPEL ARBITRATION [ECF NO. 37]** via electronic mail and by depositing a true and correct copy of the same, enclosed in a sealed envelope upon which first class postage was fully prepaid, in the U.S. Mail at Las Vegas, Nevada, addressed to the following parties:

Kristol Bradley Ginapp, Esq.
Cayla Witty, Esq.
LEWIS BRISBOIS BISGAARD & SMITH LLP.
6385 S. Rainbow Boulevard, Suite 600
Las Vegas, Nevada 89118
*Attorneys for Defendant Affinitylifestyles.com, Inc.*

*/s/ Charity Johnson*
An Employee of MAIER GUTIERREZ AYON