VERONICA ARECHEDERRA HALL
Nevada Bar No. 5855
    E-Mail: Veronica.Hall@lewisbrisbois.com
CAYLA WITTY
Nevada Bar No. 12897
    E-Mail: Cayla.Witty@lewisbrisbois.com
LEWIS BRISBOIS BISGAARD & SMITH LLP
6385 S. Rainbow Boulevard, Suite 600
Las Vegas, Nevada 89118
702.893.3383
FAX: 702.893.3789

Attorneys for *Affinitylifestyles.com, Inc. d/b/a Real Alkalized Water*

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| GRECIA ECHEVARRIA-HERNANDEZ, individually,<br><br>Plaintiff,<br><br>vs.<br><br>AFFINITYLIFESTYLES.COM, INC. d/b/a REAL ALKALIZED WATER, a Nevada corporation, DOES I-X, and ROE BUSINESS ENTITIES I-X, inclusive,<br><br>Defendants. | CASE NO. 2:16-cv-00943-GMN-VCF<br><br>**RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION TO RECONSIDER COURT'S ORDER GRANTING DEFENDANT'S MOTION TO COMPEL ARBITRATION [ECF 37]** |

Defendant Affinitylifestyles.com, Inc. d/b/a Real Alkalized Water ("Real Water"), by and through its attorneys, Veronica Arechederra Hall and Cayla Witty of the law firm Lewis Brisbois Bisgaard & Smith, LLP, respectfully submits the following Response in Opposition to Plaintiff's Motion to Reconsider Court's Order Granting Defendant's Motion to Compel Arbitration [ECF 37].

This response is made and based upon the following memorandum of points and authorities, the exhibits attached hereto, the pleadings and papers on file herein, and any further evidence or argument as requested by the Court.

/ / /

/ / /

/ / /

4827-0370-8999.1                                       1

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

There is no new information in Plaintiff's Motion to Reconsider Court's Order Granting Defendant's Motion to Compel Arbitration [ECF 37]. The testimony cited, the case law relied upon, and the arguments presented do not create circumstances that warrant revisiting the Court's order which rightfully dismissed this action as the parties had agreed to binding arbitration. Plaintiff has already presented argument that the arbitration clauses were void as a contract of adhesion, an argument the Court addressed and denied. Plaintiff has no new facts or law on which to base this poorly veiled second bite at the apple. The Court should deny Plaintiff's motion as the arbitration clauses are neither procedurally or substantively unconscionable. The parties are bound to the arbitration agreement and the Court's order dismissing this case to proceed in arbitration is proper.

## II. ARGUMENT

Federal Rule of Civil Procedure 60(b) allows for relief from an order for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial; (3) fraud, misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief. Federal Rule of Civil Procedure 59(e) provides that a motion to alter or amend a judgment must be filed no later than 28 days after entry of judgment. Local Rule 59-1(a) further provides that reconsideration of an order may be appropriate if (1) there is newly discovered evidence that was not available when the original motion or response was filed, (2) the court committed clear error or the initial decision was manifestly unjust; or (3) if there is an intervening change in controlling law.

But motions for reconsideration are disfavored. *See* LR 59-1(b). Such motions require extraordinary proofs by the movant which is not to be found here. *See, e.g., 389 Orange St.*

4827-0370-8999.1

2

*Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999) ("[A] motion for reconsideration should not be granted, absent highly unusual circumstances . . . ."); *Backlund v. Barnhart*, 778 F.2d 1386, 1388 (9th Cir. 1985). Such motions should not simply be a late attempt to provide further argument on the same issues as decided. *See id.* (referencing no arguments that had not already been raised made denial of motion for reconsideration proper); *see also Campbell v. Nev. Prop. 1, LLC*, 2012 U.S. Dist. LEXIS 192, *3 (D. Nev. Jan. 3, 2012) ("Plaintiff's Motion for Reconsideration is a meritless effort to get a second bite at the apple. No new argument is made that was not, or could not have been made in the moving papers of the original motion."). Additionally, "'after thoughts' or 'shifting of ground' do not constitute an appropriate basis for reconsideration." *U.S. v. Navarro*, 972 F. Supp. 1296, 1299 (E.D. Cal. 1999), *rev'd on other grounds*, 160 F.3d 1254 (9th Cir. 1998).

### A. Plaintiff's Claimed 'New Evidence' Of Procedural Unconscionability Is Merely Shifting Argument.

Plaintiff fails to establish any new law or facts that alter the circumstances under which the original moving papers were filed. Thus, her motion for reconsideration lacks any grounds under which the Court should review its order.

Plaintiff argued unsuccessfully the first time that the Arbitration Clauses are not valid or enforceable because she was presented with the agreement on a take-it-or-leave-it basis. *See* ECF 15, 6:26-27. The only change at this juncture is that Plaintiff asserts later testimony alters the legal landscape, but pointing to the testimony of Jeremy Edgel and Brent Jones does not alter the law. This Court decided that the adhesion doctrine does not apply. *See* ECF 37, 5:16-6:4; *see also Kindred v. Second Judicial Dist. Court*, 996 P.2d 903, 907 (Nev. 2000); *see also Rojas v. Lewis Brisbois Bisgaard & Smith, LLP*, No. 2:13-cv-01256-GMN-CWH, 2014 U.S. Dist. LEXIS 98680, *15, 2014 WL 3612568 (D. Nev. July 18, 2014); *see also Cohn v. Ritz Tranzportation, Inc.*, No. 2:11-cv-01832-JCM-NJK, 2014 U.S. Dist. LEXIS 53382, *29-31 (D. Nev. Jan. 2, 2014); *see also Pruter v. Anthem Country Club, Inc.*, No. 2:13-cv-01028-GMN-PAL, 2013 U.S. Dist. LEXIS 160327, at *24, 2013 WL 5954817 (D. Nev. Nov. 5, 2013); *Durbin v. Great Basin Primary Care*, No. 3:11-cv-299-RCJ-WGC, 2012 U.S. Dist. LEXIS 3066, at *13 (D. Nev. Jan. 10, 2012).

In attempting to take that second bite, Plaintiff points to *dicta* from *Henderson v. Watson*, 2015 WL 2092073, 2015 Nev. Unpub. LEXIS 525 (Nev. Apr. 29, 2015), which was available to Plaintiff to argue during the original moving papers. But even then, she could not present that she did not have the opportunity to the negotiate, the crux of an adhesion contract argument. See Paragraph 18 of the Agreement, which was written in ALL CAPS and specifically initialed by Plaintiff, stating

> I ACKNOWLEDGE AND AGREE THAT PRIOR TO SIGNING THIS AGREEMENT AND AGREEING TO ITS TERMS, I HAVE HAD AN OPPORTUNITY TO REVIEW THIS TEXT, CONSULT WITH AN ADVISOR OF MY CHOICE (INCLUDING MY OWN LEGAL COUNSEL), **AND NEGOTIATE ON SUCH TERMS**.

*See* ECF 9-1 at ¶ 8. There is no way to ignore the validity of the arbitration clause. Plaintiff merely did not think she would have to use it. *See* **Exhibit 1**, Deposition Excerpts of Plaintiff Grecia Echevarria-Hernandez, at 103:24-105:6, 130:1-6, and 133:17-23.

Plaintiff also shifted her unconscionability argument to claim that no one could understand the arbitration clause. An arbitration clause can also be procedurally unconscionable if "the clause and its effects are not readily ascertainable upon review of the contract." *D.R. Horton, Inc. v. Green*, 96 P.3d 1159, 1162 (Nev. 2004). Such procedural unconscionability "often involves the use of fine print or complicated, incomplete or misleading language that fails to inform a reasonable person of the contractual language's consequences." *Id.* Plaintiff clearly could have argued this aspect during the original moving papers. But it would be similarly unpersuasive then. "The Court thus finds that the terms of the arbitration agreement are presented clearly, and Plaintiff had a meaningful opportunity to agree or disagree to the terms." ECF 37, 6:3-4; *see also* Exh. 1, at 96:20-101:20. Accordingly, there is absolutely no basis to reconsider the order granting Defendant's Motion to Compel Arbitration based on procedural unconscionability.

**B.     The Arbitration Clauses Are Bilateral Under Nevada Law.**

Plaintiff further asserts a new, and equally unconvincing, argument on substantive unconscionability that was available at the time of the filing of her response. That is, she claims that she cannot be bound by the terms of her employment agreement because Defendant did not



4827-0370-8999.1

4

sign off on the same document. Plaintiff has already attempted to argue the one-sided nature of the agreement futilely. *See* ECF 15, 11:1-2; *see also* ECF 37, 6:16-18. "A contract is substantively unconscionable if its terms are unfairly one-sided." *Rojas*, 2014 U.S. Dist. LEXIS 98680 at *15. The missing signature of Defendant is not new evidence nor relevant legally.

The arbitration clauses are mutual. The terms of the agreement state as such: paragraph 11 of the Agreement states that "the parties agree that any controversy, dispute or claim between Company and myself . . . shall first be submitted for resolution by mediation"; paragraph 12 states that any non-Title VII claim "shall be resolved by binding arbitration," again, regardless of which party raises the claim; paragraph 13 requires states that, with respect to Title VII claims, "the parties shall resolve such dispute . . . by binding arbitration"; paragraph 14 states that "[e]ach party shall have the right to conduct pre-arbitration hearing discovery"; and paragraph 16 states that "the decision of the arbitrator shall be binding and conclusive on the parties." ECF 9-1.

Legally, Defendant would be bound to the terms no matter the mutual language. *See Ambler v. BT Americas Inc.*, 964 F. Supp. 2d 1169, 1174 (N.D. Cal. 2013) (arbitration agreement containing only the employee's signature is binding against both parties); *see also Brown v. Desert Parkway Behavioral Healthcare Hosp.*, LLC, No. 2:15-cv-02203-MMD-PAL, 2016 U.S. Dist. LEXIS 28139, at *10-12 (D. Nev. Mar. 1, 2016) (citing *Amisil Holdings Ltd. v. Clarium Capital Mgmt.*, 622 F. Supp. 2d 825, 830 (N.D. Cal. 2007) (noting that "an obligation to arbitrate does not attach only to those who have actually signed the agreement to arbitrate")). Defendant would be equitably estopped from denying arbitration while seeking this Court's order compelling such. *See Amisil Holdings, supra* ("equitable estoppel 'precludes a party from claiming the benefits of a contract while simultaneously attempting to avoid the burdens that contract imposes'") (citing *Wash. Mut. Fin. Group, LLC v. Bailey*, 364 F.3d 260, 267 (5th Cir. 2004)). The 'modicum of bilaterally' is not at issue here. *Cf. Ting v. AT&T*, 319 F.3d 1126, 1149-1152 (using California law to invalidate provisions for class action waiver, fee-splitting scheme, confidentiality, and limitation on willful conduct in consumer arbitration contract).

///

///

## III. CONCLUSION

In sum, Plaintiff's arguments regarding unconscionability remain meritless. There are no new facts or law at issue; Plaintiff seeks to rehash what has already been argued. The Court's Order that the arbitration clause is valid and enforceable must be respected. As such, Defendant requests that the Plaintiff's Motion for Reconsideration be denied.

DATED this ___ day of April, 2017

                LEWIS BRISBOIS BISGAARD & SMITH LLP

                By _____
                VERONICA ARECHEDERRA HALL
                Nevada Bar No. 5855
                CAYLA WITTY
                Nevada Bar No. 12897
                6385 S. Rainbow Boulevard, Suite 600
                Las Vegas, Nevada 89118
                Tel. 702.893.3383

                Attorneys for Affinitylifestyles.com, Inc. d/b/a Real Alkalized Water

## Exhibit Index

Exhibit 1 -    Deposition Excerpts of Plaintiff Grecia Echevarria-Hernandez

## CERTIFICATE OF SERVICE

Pursuant to F.R.C.P. 5(b), I certify that I am an employee of LEWIS BRISBOIS BISGAARD & SMITH LLP, and that on this 20th day of April, 2017, I did cause a true and correct copy of **RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION TO RECONSIDER COURT'S ORDER GRANTING DEFENDANT'S MOTION TO COMPEL ARBITRATION [ECF 37]** to be served via electronic service by the U.S. District Court CM/ECF system to the parties on the Electronic Filing System.

Joseph A. Gutierrez, Esq.
Danielle J. Barraza, Esq.
400 South Seventh Street, Suite 400
Las Vegas, NV 89101
T: 702-629-7900
F: 702-629-7925
E: jag@mgalaw.com
E: djb@mgalaw.com
Attorneys for Plaintiff

By: /s/
An Employee of LEWIS BRISBOIS
BISGAARD & SMITH LLP