# EXHIBIT "1"
# Bate Stamped
# AFF 000001-000018
# 2:16-CV-00943

Grecia Echevarria Hernandez   November 3, 2016
\*\*\*Videotaped Deposition\*\*\*

Page 1

```
 1                UNITED STATES DISTRICT COURT
 2                    DISTRICT OF NEVADA
 3                       * * * * *
 4
 5   GRECIA                        )
     ECHEVARRIA-HERNANDEZ,         )  Case No.
 6   individually,                 )  2:16-cv-00943-GMN-VCF
                                   )
 7            Plaintiff,           )
                                   )
 8     vs.                         )
                                   )
 9   AFFINITYLIFESTYLES.COM,       )
     INC., d/b/a REAL ALKALIZED    )
10   WATER, a Nevada               )      CERTIFIED
     corporation, DOES I-X, and    )        COPY
11   ROE BUSINESS ENTITIES I-X,    )
     inclusive,                    )
12                                 )
              Defendants.          )
13   _____)
14
15
16
     VIDEOTAPED DEPOSITION OF GRECIA ECHEVARRIA HERNANDEZ
17
          Taken on Thursday, November 3, 2016
18
                    At 9:03 a.m.
19
     Taken at Lewis Brisbois Bisgaard & Smith, LLP
20
              6385 South Rainbow Boulevard
21
                      Suite 600
22
                   Las Vegas, Nevada
23
24
25   Reported by:  Sarah Safier, CCR No. 808
```

All-American Court Reporters (702) 240-4393
www.aacrlv.com

Grecia Echevarria Hernandez   November 3, 2016
\* \* \*Videotaped Deposition\* \* \*

Page 2

```
 1   DEPOSITION OF GRECIA ECHEVARRIA-HERNANDEZ, taken at
 2   Lewis Brisbois Bisgaard & Smith, LLP, 6385 South
 3   Rainbow Boulevard, Suite 600, Las Vegas, Nevada, on
 4   Thursday, November 3, 2016, at 9:03 a.m., before
 5   Sarah Safier, Certified Court Reporter, in and for
 6   the State of Nevada.
 7   APPEARANCES:
 8   For the Plaintiff:
 9        DANIELLE J. BARRAZA, ESQ.
          Maier Gutierrez Ayon
10        8816 Spanish Ridge Avenue
          Las Vegas, Nevada 89148
11
     For the Defendants:
12
          KRISTOL BRADLEY GINAPP, ESQ.
13        Lewis Brisbois Bisgaard & Smith, LLP
          6385 South Rainbow Boulevard
14        Suite 600
          Las Vegas, Nevada 89118
15
     Also Present:
16
          JOSEPH CAMP, Videographer
17
18
19
20
21
22
23
24
25
```

Grecia Echevarria Hernandez    November 3, 2016
* * *Videotaped Deposition* * *

Page 6

```
 1   sworn in by Sarah Safier of All-American Court
 2   Reporters.
 3   Whereupon --
 4              GRECIA ECHEVARRIA HERNANDEZ
 5   being first duly sworn to tell the truth, the whole
 6   truth, and nothing but the truth, was examined and
 7   testified as follows:
 8              THE VIDEOGRAPHER:  Please begin.
 9                      EXAMINATION
10   BY MS. GINAPP:
11       Q    Can you please state and spell your full
12   name for the record.
13       A    Grecia Analiz Echevarria Hernandez,
14   G-R-E-C-I-A, and then Analiz, A-N-A-L-I-Z,
15   Echevarria, E-C-H-E-V-A-R-R-I-A, Hernandez,
16   H-E-R-N-A-N-D-E-Z.
17       Q    And is Echevarria Hernandez hyphenated?
18       A    No.  It's not supposed to be.
19       Q    Okay.  Can you please tell me your current
20   address.
21       A    79 Tierra Buena Drive.
22       Q    Can you spell that, please?
23       A    T-I-E-R-R-A, space, B-U-E-N-A.
24       Q    I'm sorry.  What was it?
25       A    B-U-E-N-A Drive.
```

```
 1            identification.)
 2   BY MS. GINAPP:
 3       Q    You have been handed what's been marked as
 4   Exhibit C.  Please take a look at it.  And when
 5   you're ready to discuss it, let me know.
 6       A    Okay.
 7       Q    Do you recognize this document?
 8       A    I do.
 9       Q    What is it?
10       A    It was the thing I signed the first day.
11       Q    Okay.  It's titled "Employment Agreement"?
12       A    Right.
13       Q    And you signed it on the first day that we
14   discussed.  It was part of the packet; is that
15   correct?
16       A    Yes.
17       Q    And if you turn to the last page, is that
18   your signature on the last page?
19       A    Yes.
20       Q    And it's dated 3/10/15, correct?
21       A    Correct.
22       Q    So it would be fair to say your first day
23   was probably March 10, 2015, then?
24       A    Yes.
25       Q    And looking at the rest of the document, is
```

Grecia Echevarria Hernandez   November 3, 2016
\* \* \*Videotaped Deposition\* \* \*

Page 96

```
 1      Q    How did you verify that the information that
 2   you found on those websites was correct?
 3      A    I figured it was online.  I mean, a lot of
 4   things aren't real online, but there's also a lot of
 5   things, important things that are real online.  And
 6   that's, like, the number one information area.
 7      Q    Okay.  So how did you determine that the
 8   websites that you were visiting were the ones that
 9   were real and authentic and correct?
10      A    Well, most of the websites that I -- they
11   had similar writing.  Like they talked about the
12   similar things.
13      Q    So because they were saying the same things,
14   you decided they must be true?
15      A    Yes.
16      Q    Did you Google any of the actual websites to
17   see if any other websites had said that they were
18   false?
19      A    No.
20      Q    Can you read Paragraph 10 aloud into the
21   record.
22      A    "Mediation and binding arbitration of
23   disputes.  I understand and agree that any claim of
24   any nature arising out of or connected with my
25   employment at the company, including but not limited
```

```
 1   to termination, claims of age discrimination, sexual
 2   harassment, religious discrimination or civil rights
 3   violations, and questions of arbitrability shall be
 4   resolved through a two-step dispute resolution
 5   process administered by the applicable procedures of
 6   American Arbitration Association, involving first
 7   mediation before a mediator or panel of mediators
 8   followed, if necessary, by final and binding
 9   arbitration before the same, or if requested by
10   whether party another panel from the AAA.
11           "By entering this" -- "by entering into this
12   contract, both parties are giving up their
13   constitutional right to have any such dispute decided
14   in a court of law before a judge or jury and instead
15   are accepting the use of mediation and arbitration.
16           "The demand of mediation must be in writing
17   and must be made by the agreed party within 60 days
18   of the event giving rise to the demand.  A request
19   for dispute resolution from the initiate form" -- "a
20   request for dispute resolution form to initiate the
21   mediation process can be made available from our
22   company.  The mediation and, if necessary, the
23   arbitration shall take place in the state and country
24   in which I was employed by our company at the time of
25   the event giving rise to the demand.
```

```
 1          "The arbitration's power to award a remedy
 2   shall be limited to awarding monetary damages for
 3   lost wages and/or benefits and damages.  The decision
 4   of the arbitrator shall be binding and conclusive on
 5   the parties and not reviewable for error of law or
 6   legal reasoning of any kind.  Judgment upon the
 7   reward rendered by the arbitrator may be entered in
 8   any court handing proper jurisdiction.
 9          "Each party to the mediation arbitrator
10   shall bear their own costs, including attorneys'
11   fees.  The fees for the mediator or arbitrator should
12   be paid equally by both parties.  If the company and
13   I agree, we can choose a mediation to arbitration
14   process other than the AAA.
15          "I understand that nothing in this Paragraph
16   10 of the employment agreement shall restrict the
17   company's right to fully enforce through the
18   appropriate courts the terms of any confidentiality
19   agreement between the company and itself."
20      Q   And you read this paragraph prior to
21   initialing it, correct?
22      A   Correct.
23      Q   And you understand that by initialing, you
24   were representing that you understood the terms of
25   the paragraph, correct?
```

Grecia Echevarria Hernandez    November 3, 2016
\*\*\*Videotaped Deposition\*\*\*

Page 99

```
 1      A    Correct.
 2      Q    And you understand that by initialing, you
 3   were representing that you agreed to the terms of the
 4   paragraph, correct?
 5      A    Correct.
 6      Q    And at the time that you initialed this
 7   paragraph and executed this agreement, did you
 8   understand the terms of Paragraph 10?
 9      A    No.
10      Q    And did you ask anybody about the meaning of
11   the terms of Paragraph 10 prior to initialing?
12      A    I didn't.
13      Q    And why did you not do that?
14      A    I figured I would not need it.
15      Q    Going back to the paragraph, looking at
16   Paragraph 10 in the middle, there's a bolded section
17   that states, "By entering into this contract, both
18   parties are giving up their constitutional right to
19   have any such dispute decided in a court of law
20   before a judge or jury and instead are accepting the
21   use of mediation and arbitration."
22           Did you understand that sentence?
23      A    I did not.
24      Q    What don't you understand about that
25   sentence?
```

Grecia Echevarria Hernandez    November 3, 2016
* * *Videotaped Deposition* * *

Page 100

1    A    I didn't know what it mean -- I didn't know
2  what it meant.
3    Q    At all?
4    A    At all.
5    Q    Specifically, what terms did you not
6  understand?
7    A    The whole thing.
8    Q    You understood that this was a contract
9  you're entering into, correct?
10    A    Correct.
11    Q    And you understood that "both parties" meant
12  you and Real Water, correct?
13    A    Correct.
14    Q    And you understand what giving up means,
15  correct?
16    A    Yes.
17    Q    Right.  And did you understand what a
18  constitutional right was?
19    A    Well, I'm not sure what it was talking
20  about.
21    Q    Okay.
22    A    I wasn't 100 percent sure, actually, at all.
23    Q    All right.  So it specifically says "their
24  constitutional right to have such dispute."  You know
25  what a dispute is, correct?

All-American Court Reporters (702) 240-4393
www.aacrlv.com

AFF00009

Grecia Echevarria Hernandez    November 3, 2016
\*\*\*Videotaped Deposition\*\*\*

Page 101

```
 1     A    A disagreement?
 2     Q    Right.
 3     A    Yes.
 4     Q    "Decided in a court of law," you understand
 5   what "decided in a court of law" means, correct?
 6     A    Yes.
 7     Q    And you understand what the term -- what the
 8   phrase "before a judge or jury" means, correct?
 9     A    Yes.
10     Q    Okay. So you understood that this was an
11   agreement where you gave up your right to have a
12   disagreement between you and Real Water decided by a
13   court of law before a judge or jury. You understood
14   that portion, correct?
15     A    Up until now. I didn't understand that
16   before.
17     Q    Did you make an attempt to understand it?
18     A    No.
19     Q    Why not?
20     A    I figured I wouldn't need it.
21     Q    Did you understand what mediation and
22   arbitration was?
23     A    No.
24     Q    Did you ever ask anybody?
25     A    No.
```

AFF00010

Grecia Echevarria Hernandez   November 3, 2016
\*\*\*Videotaped Deposition\*\*\*

Page 103

```
 1     Q    Okay.  So you did filing.  You did
 2  scheduling sometimes?
 3     A    No.
 4     Q    No.
 5          You worked in a law firm, and you didn't
 6  know the term "mediation"?
 7          MS. BARRAZA:  Objection.  Asked and
 8  answered.
 9  BY MS. GINAPP:
10     Q    You can answer.
11     A    Yeah, I didn't know.
12     Q    And you worked in a law firm, but you didn't
13  know the meaning of the term "arbitration"?
14     A    Correct.
15     Q    Okay.  And you didn't understand what it
16  meant for some dispute to be decided in a court of
17  law before a judge or a jury?
18     A    I understood -- I mean, I didn't really look
19  too deep into this paragraph at all.  I never thought
20  I would need it.
21     Q    Okay.  So when you signed it, you didn't
22  really even think about it at all?
23     A    I didn't.
24     Q    As you sit here today, do you have any
25  reason to believe you should not be bound by the
```

```
 1   terms of Paragraph 10?
 2       A    What do you mean?
 3       Q    You testified that this was a contract that
 4   you intended to be bound to, correct?
 5       A    This?
 6       Q    Yes.
 7       A    I'm not sure how to answer that.
 8       Q    You understand that this is a contract,
 9   correct?
10       A    This?  Yes.
11       Q    And when you signed it, you were intending
12   to be bound by the terms of the contract, correct?
13       A    Correct.
14       Q    Is there any reason as you sit here today
15   that you believe you should not be bound to the terms
16   of Provision 10?
17            MS. BARRAZA:  Objection.  Calls for a legal
18   conclusion.
19   BY MS. GINAPP:
20       Q    I'm not asking for a legal conclusion.  I'm
21   asking for your factual reasons why.
22       A    Like, do I still go by this contract?
23       Q    Yeah.
24       A    Right now?
25       Q    Yeah.
```

Grecia Echevarria Hernandez    November 3, 2016
\*\*\*Videotaped Deposition\*\*\*

Page 105

```
 1     A    I don't work there anymore.
 2     Q    I understand.  But is there a reason that
 3  you believe that you should not be bound by this
 4  provision just because you don't work there anymore?
 5     A    Yeah.  I didn't take it serious.  I didn't
 6  really understand it.
 7          (Defendant's Exhibit D was marked for
 8           identification.)
 9  BY MS. GINAPP:
10     Q    Go ahead and review what has been handed to
11  you and marked as Exhibit D.  And when you're ready
12  to discuss it, please let me know.
13     A    Okay.  Okay.
14     Q    Do you recognize this document?
15     A    Yes.
16     Q    And can you tell me what it is?
17     A    It was the other part of the employment
18  agreement.
19     Q    So this is another document titled
20  "Employment Agreement" that you were presented with?
21     A    Correct.
22     Q    And is it your handwriting and your initials
23  on all of these pages?
24     A    Yes.
25     Q    And turning to the back page, Page 9 of the
```

Grecia Echevarria Hernandez   November 3, 2016
* * *Videotaped Deposition* * *

Page 129

1   rules and procedures of another third party
2   arbitrator.
3       "The choice between the AAA or other third
4   party as" -- "other third party as arbitrator shall
5   be agreed upon by both parties.  Nothing in this
6   agreement to arbitrate employment-related disputes
7   prohibits the employee from submitting a
8   workplace-related administrative claim as permitted
9   by law."
10   Q   And you had the opportunity to -- or you
11   read or had the opportunity to read Paragraph 12
12   prior to initialing next to it and signing the
13   agreement, correct?
14   A   Correct.
15   Q   And you actually initialed the paragraph
16   after reading Paragraph 12, correct?
17   A   Correct.
18   Q   And you understood that by initialing, you
19   were representing that you understood the terms of
20   Paragraph 12, correct?
21   A   Correct.
22   Q   And you understood that by initialing, you
23   were representing that you agreed to the terms of
24   Paragraph 12, correct?
25   A   Correct.

Grecia Echevarria Hernandez   November 3, 2016
* * *Videotaped Deposition* * *

Page 130

```
 1      Q    Did you understand the terms of
 2   Paragraph 12?
 3      A    Kind of.
 4      Q    What didn't you understand?
 5      A    I didn't really think I would need any of
 6   this, so I just signed it.
 7      Q    Okay.  And did you agree with the terms of
 8   Paragraph 12?
 9      A    Yes.
10      Q    Can you read Paragraph 13 into the record.
11      A    "If the best efforts of the parties to
12   mediate a resolution of any claim based on Title VII
13   of the Federal Civil Rights Act of 1964, Title VII
14   claims do not result in a settlement of our
15   differences, then subject to company rights for
16   restraining order and injunction in Paragraph 10
17   above, the parties shall resolve each dispute one of
18   the following manners:  Employee is to select one of
19   the two choices of his or her option."
20      Q    Go ahead and read A and B.
21      A    "A, I agree that any and all Title VII
22   claims shall be resolved by binding arbitration in
23   the same manner specified for non Title VII claims in
24   Paragraph 12 above and elsewhere in this agreement,
25   or, B, I agree that any and all Title VII claims
```

Grecia Echevarria Hernandez    November 3, 2016
\* \* \*Videotaped Deposition\* \* \*

Page 133

```
1   are?
2       A    Yes.
3       Q    And do you understand Title VII covers
4   religious discrimination claims such as the ones that
5   you're alleging in the instant lawsuit?
6       A    Right.
7       Q    And as you sit here today, do you have any
8   reason to believe why you should not be bound by the
9   terms of Paragraph 13 and your choice of binding
10  arbitration?
11           MS. BARRAZA:  Objection.  Calls for a legal
12  conclusion.
13           THE WITNESS:  You're asking me --
14           MS. GINAPP:  I'm asking you --
15           THE WITNESS:  -- why I picked it?
16  BY MS. GINAPP:
17      Q    No.  I'm asking, as you sit here today, do
18  you have any reason to believe that you should not be
19  bound by the terms of the paragraph and your choice,
20  any factual reasons?
21           MS. BARRAZA:  Same objection.
22           THE WITNESS:  I wasn't -- I wasn't planning
23  for things to go the way they did.
24  BY MS. GINAPP:
25      Q    Okay.  But you did choose binding
```

Grecia Echevarria Hernandez   November 3, 2016
\* \* \*Videotaped Deposition\* \* \*

Page 287

```
 1      Q    Okay.
 2      A    -- which one.
 3           MS. GINAPP:  Those are all the questions
 4   that I have.
 5           MS. BARRAZA:  I don't have any.
 6           THE VIDEOGRAPHER:  This concludes the
 7   videotaped deposition of Grecia Echevarria Hernandez.
 8   The original media of today's testimony will remain
 9   in the custody of Las Vegas Legal Video.
10           The time is approximately 4:56 p.m.  We are
11   going off the record.
12           THE REPORTER:  Counsel, before I go off the
13   record, did you want your client to read or waive
14   signature?
15           MS. BARRAZA:  We can waive that.
16           Can I get an electronic copy.
17           (Thereupon, the videotaped deposition
18             was concluded at 4:56 p.m.)
19
20                   * * * * *
21
22
23
24
25
```

```
1                CERTIFICATE OF REPORTER

2      STATE OF NEVADA )
3                      ) ss:
       COUNTY OF CLARK )
4

5             I, Sarah Safier, CCR No. 808, do thereby
       certify: That I reported the deposition of GRECIA
6      ECHEVARRIA HERNANDEZ, commencing on Thursday,
       November 3, 2016, at 9:03 a.m.
7             That prior to being deposed, the witness was
       duly sworn by me to testify to the truth. That I
8      thereafter transcribed my said shorthand notes into
       typewriting and that the typewritten transcript is a
9      complete, true, and accurate transcription of my said
       shorthand notes. That prior to the conclusion of the
10     proceedings, pursuant to NRCP 30(e), the reading and
       signing of the transcript was not requested by the
11     witness or a party.
              I further certify that I am not a relative
12     or employee of counsel of any of the parties, nor a
       relative or employee of the parties involved in said
13     action, nor a person financially interested in the
       action.
14            IN WITNESS WHEREOF, I have set my hand in my
       office in the County of Clark, State of Nevada, this
15     15th day of November, 2016.

16

17                              _____
18                              Sarah Safier, CCR No. 808

19
20
21
22
23
24
25
```