JOSEPH A. GUTIERREZ, ESQ.
Nevada Bar No. 9046
DANIELLE J. BARRAZA, ESQ.
Nevada Bar No. 13822
**MAIER GUTIERREZ & ASSOCIATES**
8816 Spanish Ridge Avenue
Las Vegas, Nevada 89148
Telephone: 702.629.7900
Facsimile: 702.629.7925
E-mail:   jag@mgalaw.com
          djb@mgalaw.com

*Attorneys for Plaintiff Grecia Echevarria-Hernandez*

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| GRECIA ECHEVARRIA-HERNANDEZ, individually, <br><br> Plaintiff, <br><br> vs. <br><br> AFFINITYLIFESTYLES.COM, INC. d/b/a REAL ALKALIZED WATER, a Nevada corporation; DOES I-X; and ROE BUSINESS ENTITIES I-X, inclusive, <br><br> Defendants. | Case No.: 2:16-cv-00943-GMN-VCF <br><br> **PLAINTIFF'S REPLY IN SUPPORT OF MOTION FOR RECONSIDERATION OF COURT'S ORDER GRANTING DEFENDANT'S MOTION TO COMPEL ARBITRATION [ECF NO. 37]** |

Plaintiff GRECIA ECHEVARRIA-HERNANDEZ ("Plaintiff" or "Ms. Hernandez"), by and through her attorneys of record, the law firm MAIER GUTIERREZ & ASSOCIATES, hereby files this reply in support of her motion for reconsideration of the Court's March 27, 2017 Order [ECF No. 37] granting Defendant AFFINITYLIFESTYLES.COM, INC. d/b/a REAL ALKALIZED WATER's ("Defendant" or "Real Water") Motion to Compel Arbitration (the "Motion") [ECF No. 9].

/ / /

/ / /

/ / /

/ / /

1

This reply is made and based upon the following memorandum of points and authorities, the exhibits attached hereto, the pleadings and papers on file herein, and any oral argument at the time of the hearing.

DATED this 27th day of April, 2017.

Respectfully submitted,

**MAIER GUTIERREZ & ASSOCIATES**

_/s/ Danielle J. Barraza_____
JOSEPH A. GUTIERREZ, ESQ.
Nevada Bar No. 9046
DANIELLE J. BARRAZA, ESQ.
Nevada Bar No. 13822
8816 Spanish Ridge Avenue
Las Vegas, Nevada 89148
*Attorneys for Plaintiff Grecia Echevarria-Hernandez*

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. INTRODUCTION

Defendant's opposition insists that Plaintiff is merely "shifting argument" in her motion for reconsideration. That is disingenuous, as Plaintiff's motion includes legal authorities and testimony that was not previously available to Plaintiff or relevant while the original motion to compel arbitration was being briefed. Now that all of the evidence on this issue has come to light, the arbitration provisions are clearly both procedurally and substantively unconscionable, and Plaintiff respectfully requests that the Court grant her motion for reconsideration.

### II. LEGAL ARGUMENT

#### A. Procedural Unconscionability

Defendant argues that the Court should disregard the multitude of testimony by Real Water's own president and management-level former employee that evidence the undisputedly adhesive and one-sided nature of the Arbitration Agreement. ECF No. 41 at 3-4. However, to do so would ignore the clear shift the Nevada Supreme Court has recently made on this issue, as detailed in Plaintiff's motion. *See Henderson v. Watson*, No. 64545, 2015 WL 2092073, at *2 (Nev. Apr. 29, 2015) (unpub.

2

1  disp.) ("While the fact that the contract is an employment agreement lends some credence to the idea
2  that the contract is a contract of adhesion, and thus procedurally unconscionable, respondent did not
3  present any evidence other than his own statement that he was unable to negotiate the contract.").
4  Indeed, all of the case law cited by Defendant on this issue was released <u>before</u> the *Henderson*
5  decision, which is telling and should signal to the Court that the Nevada Supreme Court has abandoned
6  its previous hardline position as to applying the adhesion contract theory to employment cases.

7  Instead of acknowledging the clearly adhesive nature of the agreement, Defendant avers that
8  Plaintiff had a legitimate opportunity to negotiate (in contradiction to the testimony provided by Brent
9  Jones himself) simply because the Agreement makes mention of the opportunity to consult with an
10 advisor and negotiate on such terms.  This empty language does not change the fact that even if
11 Plaintiff <u>wanted</u> to negotiate on such terms, she would not be allowed to, as Brent Jones confirmed
12 that any employee who does not sign the agreement pursuant to its standard arbitration language does
13 not get to be employed by the company.  *See* ECF No. 39 at p. 7-8.  Simply referring to the ability to
14 "negotiate" has no weight when the company freely admits that its potential employees actually have
15 no such power.

16 Plaintiff respectfully implores the Court to reconsider its decision to compel arbitration in light
17 of the new evidence which has revealed the procedurally unconscionable nature of the Employment
18 Agreement and its enclosed arbitration provisions.  Plaintiff should not be forced into an arbitration
19 that she had no meaningful way of getting out of in the first place.

20 **B. Substantive Unconscionability**

21 Defendant claims that the arbitration clauses are bilateral under Nevada law even though
22 neither Real Water nor any of its agents are actual signatories to the Employment Agreement
23 containing the clauses.  This is crucial because Plaintiff fears that Real Water may attempt to escape
24 compliance on various provisions of the arbitration agreement, including the requirement that the
25 "arbitrator is prohibited from imposing any type of fees, cost or expense upon me that I would not be
26 required to bear if I were free to bring a legal action in Court."  *See* ECF No. 9 at 9-1, Section 17.

27 Defendant claims that the arbitration agreement is automatically mutual simply because the
28 terms of the Agreement state that both parties must abide by it, yet the terms are essentially

3

meaningless because Real Water refused to execute the document.  As the Court is aware, in interpreting the scope of an arbitration provision, "arbitration is a matter of contract and a party cannot be required to submit to arbitration any dispute which he has not agreed so to submit." *AT & T Tech., Inc. v. Commc'n Workers,* 475 U.S. 643, 648, 106 S.Ct. 1415, 89 L.Ed.2d 648 (1986) (internal citations omitted).

Recognizing this, Defendant also argues that "legally, Defendant would be bound to the terms no matter the mutual language," with citations to various non-binding decisions, only one of which is from a Nevada district court.  *See Brown v. Desert Parkway Behavioral Healthcare Hosp., LLC*, Case No. 2:15-cv-02203-MMD-PAL (D. Nev. Mar. 1, 2016).  However, it is important to carefully unpack the *Brown* decision, as it is distinguishable from the facts at issue here.  The *Brown* case involved a plaintiff employee claiming that she should not be bound by the arbitration agreement because she was employed as a nurse practitioner by the defendant, which is a subsidiary of the company that actually signed the arbitration agreement.  *Id.*  Thus, the plaintiff argued that the defendant employer could not enforce the arbitration agreement's terms against her.  *Id.*  However, the *Brown* Court noted that the plaintiff employee was on notice of the close relationship between her employer and the company it was a subsidiary to, so the fact that it was not her employer that signed the agreement, but the other closely related company, did not render the agreement unenforceable.  *Id.*

Unlike in *Brown*, in this case, <u>nobody</u> on the employer's side signed the Employment Agreement at all, including any companies that had a relationship to Real Water.  Plaintiff has no doubt that Defendant will use its non-signatory status to its advantage and attempt to pick and choose which portions of the Arbitration Agreement it wants to abide by, and the only way to effectively preclude that from happening is to prevent Plaintiff from being compelled to arbitration in the first place.

Further, the *Brown* Court indicated that the "equitable estoppel" line of cases (which is another argument set forth by Defendant) actually had no application to the parties' current dispute because it did not involve a <u>non-signatory being compelled to arbitrate</u> after knowingly exploiting the agreement containing the arbitration clause.  Similarly, that is not the issue here, as Plaintiff, not Defendant, was a signatory, so equitable estoppel would only come into play if Plaintiff was the non-signatory party

4

being compelled to arbitration after having received the employment benefits within the Employment Agreement.

Accordingly, the case law cited by Defendant does not change the fact that Real Water not being an actual signatory to the arbitration agreement will only continue to be a problem down the line in the event the Court compels Plaintiff to bring her claims to arbitration. As such, Plaintiff respectfully asks that the Court reconsider its decision.

## III. CONCLUSION

Based on the foregoing, Plaintiff respectfully requests that this Court reconsider its March 27, 2017 Order [ECF No. 37] granting Defendant's motion to compel arbitration, as careful discovery into the matter, including depositions of pertinent Real Water employees and its own founder and president, has made it clear that the Employment Agreements containing the arbitration provisions at issue are both procedurally and substantively unconscionable.

DATED this 27th day of April, 2017.

Respectfully submitted,

**MAIER GUTIERREZ & ASSOCIATES**

 /s/ Danielle J. Barraza
JOSEPH A. GUTIERREZ, ESQ.
Nevada Bar No. 9046
DANIELLE J. BARRAZA, ESQ.
Nevada Bar No. 13822
8816 Spanish Ridge Avenue
Las Vegas, Nevada 89148
*Attorneys for Plaintiff Grecia Echevarria-Hernandez*

5

**CERTIFICATE OF SERVICE**

I hereby certify that on the 27th day of April, 2017, I served a true and correct copy of the foregoing **PLAINTIFF'S REPLY IN SUPPORT OF MOTION FOR RECONSIDERATION OF COURT'S ORDER GRANTING DEFENDANT'S MOTION TO COMPEL ARBITRATION [ECF NO. 37]** via electronic mail and by depositing a true and correct copy of the same, enclosed in a sealed envelope upon which first class postage was fully prepaid, in the U.S. Mail at Las Vegas, Nevada, addressed to the following parties:

Veronica Arechederra Hall, Esq.
Cayla Witty, Esq.
LEWIS BRISBOIS BISGAARD & SMITH LLP.
6385 S. Rainbow Boulevard, Suite 600
Las Vegas, Nevada 89118
*Attorneys for Defendant Affinitylifestyles.com, Inc.*

*/s/ Natalie Vazquez*
An Employee of MAIER GUTIERREZ & ASSOCIATES