# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| GRECIA ECHEVARRIA-HERNANDEZ )<br>)<br>Plaintiff, )<br>vs. )<br>)<br>AFFINITYLIFESTYLES.COM, INC., )<br>)<br>Defendant. )<br>) | Case No.: 2:16-cv-00943-GMN-VCF<br><br>**ORDER** |

Pending before the Court is the Motion for Reconsideration, (ECF No. 39), filed by Plaintiff Grecia Echevarria-Hernandez ("Plaintiff"). Defendant Affinitylifestyles.com, Inc. ("Defendant") filed a response, (ECF No. 41), and Plaintiff filed a reply, (ECF No. 42). For the reasons set forth herein, Plaintiff's Motion for Reconsideration is **DENIED**.

## I.   BACKGROUND

This case arises out of allegations that Defendant, as Plaintiff's employer, discriminated against Plaintiff based on her religion. (Compl., ECF No. 1). Plaintiff filed her Complaint on April 26, 2016, setting forth claims for: (1) unlawful employment practice under Title VII; (2) disparate treatment under Title VII; (3) hostile work environment under Title VII; (4) retaliation under Title VII; (5) religious discrimination under N.R.S. 613.330; and (6) tortious discharge. (*Id.* ¶¶ 36-84).

On May 25, 2016, Defendant filed a Motion to Compel Arbitration based on the arbitration policy detailed in Plaintiff's Employment Agreement ("the Agreement"). (*See* Mot. to Compel 6:2–7, ECF No. 9). The Court granted Defendant's Motion and dismissed the case without prejudice on March 27, 2017. (ECF No. 37). Plaintiff now asks the Court to reconsider its prior Order granting the Motion to Compel Arbitration.

## II. LEGAL STANDARD

Under Rule 60(b), a court may relieve a party from a final judgment, order or proceeding only in the following circumstances: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud; (4) a void judgment; (5) a satisfied or discharged judgment; or (6) any other reason justifying relief from the judgment. *Backlund v. Barnhart*, 778 F.2d 1386, 1387 (9th Cir. 1985). "Relief under Rule 60(b)(6) must be requested within a reasonable time, and is available only under extraordinary circumstances." *Twentieth Century-Fox Film Corp. v. Dunnahoo*, 637 F.2d 1338, 1341 (9th Cir. 1981) (internal citations omitted).

A motion for reconsideration must set forth the following: (1) some valid reason why the court should revisit its prior order; and (2) facts or law of a "strongly convincing nature" in support of reversing the prior decision. *Frasure v. United States*, 256 F. Supp. 2d 1180, 1183 (D. Nev. 2003). However, a motion for reconsideration is not a mechanism for re-arguing issues presented in the original filings, *Backlund*, 778 F.2d at 1388, or "advancing theories of the case that could have been presented earlier, *Resolution Trust Corp. v. Holmes*, 846 F. Supp. 1310, 1316 (S.D. Tex. 1994) (footnotes omitted). *See also Soto-Padro v. Pub. Bldgs. Auth.*, 675 F.3d 1, 9 (1st Cir. 2012) ("[A] party cannot use a [motion for reconsideration] to rehash arguments previously rejected or to raise ones that could, and should, have been made before the judgment issued.") (internal quotations omitted). In other words, the purpose of Rules 59(e) and 60(b) is not "to give an unhappy litigant one additional chance to sway the judge." *Durkin v. Taylor*, 444 F. Supp. 879, 889 (E.D. Va. 1977).

## III. DISCUSSION

In the instant Motion, Plaintiff argues the Court should reconsider whether the arbitration agreement between the parties is binding and enforceable. (*See* Mot. to Reconsider 3:18–21, ECF No. 39). Specifically, Plaintiff asserts that new evidence and legal authority demonstrate that the arbitration agreement is both procedurally and substantively

unconscionable, and therefore dismissal was improper. (*See id.*). The Court addresses Plaintiff's arguments in turn.

### A. Procedural Unconscionability

Plaintiff argues that the arbitration agreement is procedurally unconscionable due to the adhesive nature of the contract. (*See* Mot. to Reconsider 5:22–9:15). In the prior Order, the Court noted that the Nevada Supreme Court has declined to apply the adhesion contract doctrine to employment cases. (*See* Order 5:14–23, ECF No. 37); *see also Kindred v. Second Judicial Dist. Court ex rel. County of Washoe*, 996 P.2d 903, 907 (Nev. 2000) ("An adhesion contract is a standardized contract form offered to consumers of goods and services essentially on a take it or leave it basis, without affording the consumer a realistic opportunity to bargain. We have never applied the adhesion contract doctrine to employment cases."). Nonetheless, Plaintiff asserts that a subsequent unpublished opinion by the Nevada Supreme Court "indicate[s] that the adhesive nature of employment agreements should be considered when analyzing procedural unconscionability." (*See* Mot. to Reconsider 6:10–11) (citing *Henderson v. Watson*, No. 64545, 2015 WL 2092073 (Nev. Apr. 29, 2015)). Under this premise, Plaintiff argues that new testimony by managers Brent Jones and Jeramy Edgel shows the adhesive nature of the arbitration agreement. (*See id.* 5:22–9:15).

Plaintiff's reliance on dicta from an unpublished opinion is unpersuasive. As Plaintiff herself acknowledges, the *Kindred* decision has not been overturned and therefore remains the applicable rule. Furthermore, the Court has already considered the "take it or leave it" nature of the contract and found that "Plaintiff had a meaningful opportunity to agree or disagree to the terms." (*See* Order 6:3–4). To the extent Plaintiff argues that new testimony alters this conclusion, the Court disagrees. While Plaintiff asserts that employees were required to sign the employment agreement prior to beginning work, Plaintiff's new evidence fails to demonstrate that the agreement could not be negotiated or altered beforehand. (*See id.* 6:23–

8:11). In fact, as the Court stated in its prior Order, such a conclusion is directly contradicted by the language of the employment agreement. (*See* Agreement ¶ 18, Ex. A to Mot. to Compel, ECF No. 9-1) (stating in capitalized text that the employee has the right to consult with legal counsel and negotiate on such terms prior to signing the agreement). Having reviewed the record in this case, the Court can discern no reason to depart from its prior finding on this issue.

### B. Substantive Unconscionability

Plaintiff additionally argues that the arbitration agreement is substantively unconscionable due to the "one-sided nature" of the agreement. (*See* Mot. to Reconsider 9:16–10:12). Specifically, Plaintiff notes that the agreement was not signed by an actual representative of Defendant, but rather only signed by an employee as a "witness." (*Id.* 9:25–10:5). Accordingly, Plaintiff argues that Defendant is technically not even bound by the terms of the arbitration agreement, and therefore the agreement cannot be considered bilateral. (*Id.* 10:6–12).

Here, Plaintiff does not offer any evidence that was unavailable when the Court decided the arbitration issue. Rather, Plaintiff impermissibly relies on the new argument that the arbitration agreement was one-sided because it did not bear Defendant's signature. A motion for reconsideration may not be used to "raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." *Kona Enterprises, Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000). Accordingly, the Court finds that Plaintiff has not presented proper grounds for reconsideration.

Even to the extent the Court does consider Plaintiff's argument, the Court nonetheless finds that Plaintiff's argument lacks merit. An arbitration agreement bearing only an employee's signature is valid and enforceable even if it is unsigned by the employer. *See Rojas v. Lewis Brisbois Bisgaard & Smith LLP*, No. 2:13-CV-01256-GMN, 2014 WL 3612568, at *4 (D. Nev. July 18, 2014); *see also Ambler v. BT Americas Inc.*, 964 F.Supp.2d 1169, 1174 (N.D.

Cal. 2013).  Notably, under the Federal Arbitration Act, an arbitration agreement need only be in writing, and no signature by either party is necessary to create a binding agreement. 9 U.S.C. § 2; *see Nghiem v. NEC Elec., Inc.*, 25 F.3d 1437, 1439 (9th Cir.1994) ("While the FAA requires a writing, it does not require that the writing be signed by the parties.") (internal quotations omitted).  The Court therefore finds no basis to depart from its prior Order and denies Plaintiff's Motion for Reconsideration.

## IV.    CONCLUSION

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Reconsideration, (ECF No. 39), is **DENIED**.

**DATED** this __12__ day of February, 2018.

_____
Gloria M. Navarro, Chief Judge
United States District Court